422 So.2d 605 (1982)
SUCCESSION OF Nainette K. AMOS, Respondent-Appellee.
In re Opposition of Ralph K. BROWN, Mover-Appellant.
No. 82-246.
Court of Appeal of Louisiana, Third Circuit.
November 12, 1982.
*606 Dan E. Melichar, Alexandria, for mover-appellant.
McLure & McLure, John C. Pickels, Alexandria, for respondent-appellee.
Before CULPEPPER, DOMENGEAUX and GUIDRY, JJ.
GUIDRY, Judge.
Nainette K. Amos died intestate on August 29, 1980 survived by her daughter, Alice C. Adams, and three grandchildren, Ralph K. Brown, Peggy C. Hawthorne and Kathryn C. Colby. The three grandchildren are the children of the decedent's pre-deceased son.
Alice Adams was appointed administratrix of her mother's estate. During the course of her administration she filed a sworn descriptive list; petitioned for homologation of the final tableau of distribution, which was granted; and filed a final account.
The grandchildren filed an opposition to the final account because of the administratrix's alleged failure to account for the sum of $10,000.00 represented by a certificate of deposit which was issued to decedent prior to her death by Louisiana Savings Association in Alexandria. The opposition was tried on a stipulation of facts between the parties. The certificate of deposit in question is not in the record. The trial court dismissed the opposition without reasons and ordered homologation of the account. Of the three grandchildren, only Ralph K. Brown appealed. Alice C. Adams answered the appeal seeking damages for frivolous appeal and taxation of costs to the appellant.
The pertinent facts as stipulated to by the parties are as follows. On February 29, 1980, a check in the amount of $5,400.00 was drawn from funds on deposit in a checking account of Nainette K. Amos and was combined with $4,600.00 in a savings account of Nainette K. Amos to purchase a *607 $10,000.00 certificate of deposit at Louisiana Savings Association jointly in the names of Nainette K. Amos, Alice C. Adams and Frederick Lee Adams. Subsequently, on June 19, 1980, at the request of Mrs. Amos, Louisiana Savings closed the aforementioned $10,000.00 certificate account and transferred the entire account solely to the names of Alice C. Adams or Frederick Lee Adams. The account presently remains on deposit at said institution in the name of Alice C. Adams or Frederick Lee Adams.
The sole issue on appeal is whether the administratrix should have included the sum of $10,000.00, represented by the aforementioned certificate, among the assets of the Succession.
Before addressing this issue we deem it necessary to make the following observations. Although opponents style this proceeding as an opposition to the final accounting by the administratrix, we opine that it is more properly a motion to traverse the descriptive list filed by the administratrix. LSA-C.C.P. Article 3137 provides that "... Any interested person may traverse the descriptive list at any time, on contradictory motion served on the person filing it...". Secondly, although all three of the grandchildren filed the motion under consideration only one of the opponents, Ralph K. Brown, has appealed. We attach no particular significance to the failure of Peggy C. Hawthorne and Kathryn Colby to appeal. It was unnecessary that all three grandchildren join in filing the instant motion to traverse the descriptive list as any interested party may do so. Since Ralph K. Brown is clearly an interested party and has appealed, this was sufficient to present the issue in the trial court and preserve the issue for review. Finally, we observe that Frederick Lee Adams is not a party to these proceedings and Alice C. Adams is a party hereto only in her capacity as administratrix of the decedent's succession. Therefore, the question as to the ownership of the funds represented by the certificate of deposit as between the Succession and the Adams is not at issue.
In brief to this court, the administratrix claims that the certificate of deposit was properly excluded from the descriptive list because the certificate did not belong to the decedent at the time of her death. In support of this assertion, appellee points to the fact that Mrs. Amos, prior to her death, authorized a transfer of the funds to a certificate solely in the name of Frederick Lee Adams and Alice C. Adams.
In our view, a succession representative, pursuant to his or her duty to collect and preserve the property of the succession (LSA-C.C.P. Article 3191), should include in a descriptive list, filed pursuant to LSA-C.C.P. Article 3137, any property which might be validly claimed by the succession. An inventory or descriptive list of the property of a succession is not conclusive, as to either the value or the ownership of the property. Succession of Dean, 33 La.Ann. 867 (La.1881); Succession of Williams, 171 La. 151, 129 So. 801 (1930).
In the case before us the facts show that some few months before the death of decedent she purchased, with her own funds, a $10,000.00 savings certificate which, pursuant to her instructions, was issued jointly to herself, Alice C. Adams and Frederick Lee Adams. There is no explanation as to why the certificate was issued in that manner. Subsequently, this certificate was cancelled and re-issued solely in the names of Alice C. and Frederick Lee Adams, again upon the decedent's instructions. This transaction is, likewise, unexplained. Since there is no evidence in the record that any consideration flowed from the Adams to Mrs. Amos in connection with these transactions, we conclude that the funds represented by the June 19, 1980 certificate should be included on the descriptive list unless it can be determined that the aforementioned transfers of funds can be upheld as valid donations.
A donation intervivos is an act by which the donor divests himself, at present and irrevocably, of the thing given, in favor of the donee who accepts. La.C.C. Article 1468. Louisiana Civil Code Articles 1536, 1538 and 1539 regulate the donation of incorporeals and movable property:
Article 1536 provides:

*608 "An act shall be passed before a notary public and two witnesses of every donation inter vivos of immovable property or incorporeal things, such as rents, credits, rights or actions, under the penalty of nullity."

Article 1538 provides:
"A donation inter vivos, even of movable effects, will not be valid, unless an act be passed of the same, as is before prescribed.
`Such an act ought to contain a detailed estimate of the effects given.'"
Article 1539 provides:
"The manual gift, that is, the giving of corporeal movable effects, accompanied by a real delivery, is not subject to any formality."
The Civil Code defines corporeals as things that have a body and can be felt or touched. La.C.C. Article 461. Conversely incorporeals have no body, but are comprehended by the understanding. La.C.C. Article 461. Corporeal movables are things which can be moved from place to place. La.C.C. Article 471. Incorporeal movables are rights, obligations and actions that apply to a movable thing such as bonds, annuities, and interests or shares in entities possessing juridical personality. La.C.C. Article 473. Funds used to purchase a certificate of deposit are corporeal movables and subject to manual gift provided there was actual delivery of the funds. Succession of Miller, 405 So.2d 812 (La.1981).
The first question then is whether the purchase of the certificates jointly in the names of Mrs. Amos and the Adams constituted a delivery of the funds. Broussard v. Broussard, 340 So.2d 1309 (La.1976) is controlling on this point.
In Broussard, the wife filed suit against her former husband for partition of the community. The wife claimed that when her husband purchased, with separate funds, certificates of deposit in both their names, he donated the money to the community. In answer to this contention, the Supreme Court stated:
"There was no actual delivery of the cash to Mrs. Broussard. The purchases of certificates in the names of both spouses, without an actual withdrawal and delivery of funds to Mrs. Broussard, did not effect a manual gift or a donation to her. Rather, the purchases were analogous to a deposit in a joint savings account, which in and of itself, will not transfer ownership of the funds. Succession of Dykes, 258 So.2d 606 (La.App. 1st Cir. 1972); Dawson v. Capital Bank & Trust Co. of Baton Rouge, 261 So.2d 727 (La. App. 1st Cir.1972). See also, Basco v. Central Bank & Trust Co., 231 So.2d 425 (La.App. 3d Cir.1970); Owens v. Owens, 259 So.2d 454 (La.App. 3d Cir.1972). Furthermore, an account on deposit is an incorporeal right, La.C.C. arts. 460, 474, which may only be donated by a notarial act in compliance with Article 1536. Vercher v. Roy, 171 La. 524, 131 So. 658 (1930); Northcott v. Livingood, 10 So.2d 401 (La.App. 2d Cir.1942); Basco v. Central Bank & Trust Co., supra; Owens v. Owens, supra."

Broussard v. Broussard, 340 So.2d 1309, 1313.
We now consider whether the subsequent transfer of the certificate of deposit solely to the name of the Adams constituted a valid manual donation. The subsequent transfer was not a transfer of funds. Rather, it was a transfer of a certificate of deposit. Under the provisions of our civil code a certificate of deposit, or the credit right evidenced by a certificate of deposit is an incorporeal movable and not subject to manual gift. Therefore, even if Mrs. Amos, in transferring the certificate account, divested herself of the right to withdraw the funds and did so with donative intent, without an act passed before a notary and two witnesses, under the provisions of our civil code, there was no valid donation. Succession of Miller, 405 So.2d 812, 819 (La.1981).
However, we note that there is an exception to the authentic act requirement for inter vivos donations of negotiable instruments recently enacted by our legislature. R.S. 10:3-201 was amended by Act 452 of *609 1982 to add Section 4 which reads as follows:
"Donations inter vivos of negotiable instruments shall be governed by the provisions of this chapter, notwithstanding any other provision of the Louisiana Civil Code or any other law of this state relative to the form of donations inter vivos, to the contrary."
This revision is specifically denoted as remedial and retrospective, validating any donation inter vivos made on or before the effective date of the act. The effective date of Act 452 was September 10, 1982, which was after this opposition was tried in the district court.
There is no evidence in the record as to the negotiability or non-negotiability of the certificate of deposit in question. Section 3-104 of Louisiana's Commercial Laws provides that a "certificate of deposit" may refer to an instrument which is not negotiable as well as to an instrument which is negotiable.
Accordingly, we consider that the interests of justice require that this matter be remanded to the trial court for further proceedings in order that the parties hereto may have the opportunity to introduce any additional evidence bearing upon the negotiability or non-negotiability of the certificate of deposit in question and whether, if negotiable, the circumstances surrounding its alleged transfer constitutes a valid donation inter vivos within the provision of Louisiana's Commercial Laws, LSA-R.S. 10:1-101 et seq.
Accordingly, the judgment appealed from is reversed and it is ordered that this case be remanded to the trial court for further proceedings in accordance with law and not in conflict with the views expressed herein.
REVERSED AND REMANDED.