459 So.2d 725 (1984)
SUCCESSION OF Emi Lou Stuart DANESE.
No. CA-1898.
Court of Appeal of Louisiana, Fourth Circuit.
November 14, 1984.
*726 Regel L. Bisso, Hulse, Nelson & Wanek, New Orleans, for defendant/appellee.
R. Travis Douglas, Douglas & Douglas, Kenner, for plaintiff/appellant.
Before CIACCIO, LOBRANO and ARMSTRONG, JJ.
LOBRANO, Judge.
This appeal arises out of a judgment removing appellant, Samual Stuart Danese, as Testamentary Executor for the Succession of his adoptive mother, Emi Lou Stuart Danese and appointing appellee, Dixie Danese Irick, daughter of the decedent, as Executrix for the Succession.
Decedent, Emi Lou Stuart Danese, died in Orleans Parish on November 1, 1980. In her statutory will she named her adopted son, Samual Stuart Danese, as Testamentary Executor. A petition to probate the will was filed in the Civil District Court for the Parish of Orleans on January 16, 1981.
On November 25, 1981, appellee filed a Petition for Possession of certain legacies bequeathed to her. The Petition for Possession was opposed by appellant who claimed the succession did not have sufficient liquid assets with which to pay its debts. Appellant alleged that in order to raise sufficient funds with which to pay succession debts, it would be necessary to sell succession assets.
On February 24, 1983, appellee filed a Rule to Remove appellant as executor and appoint her as executrix. Appellee alleged a number of breaches of fiduciary duty owed by appellant to the succession.
A hearing on the rule was held April 25, 1983. On May 23, 1983, judgment was rendered removing appellant as executor and appointing appellee executrix. From this judgment appellant appeals asserting that the trial court erred in finding that appellant failed in his duties as executor. The trial court's extensive reasons for judgment found appellant derelict in:
1) Failing to file either an inventory of succession assests or a sworn detailed descriptive list of said assets in lieu of inventory;
2) Failing to file an annual account;
3) Failing to file a tableau of distribution when debts of the succession were paid;
4) Failing to close the succession as soon as advisable;
5) Failing to properly manage, maintain and preserve the real estate of the succession;
6) Failing to protect and preserve the special legacies bequeathed to appellee;
7) Failing to include as assets certain funds represented by certificates of deposit held jointly in the names of decedent and appellant;
8) Failing to appoint an agent for service of process as required by La.C.C.P. Art. 3097(4), for non-resident executor.
Absent a clear finding of manifest error, a trial court's judgment will not be overturned. Canter v. Koehring, 283 So.2d 716 (La.1973). A review of the *727 record discloses ample evidence in support of the trial court's judgment.
The duties and responsibilities of a succession representative in Louisiana are clearly mandated by the Code of Civil Procedure which states unequivocally:
"A succession representative is a fiduciary with respect to the succession, and shall have the duty of collecting, preserving and managing the property of the succession in accordance with law. He shall act at all times as a prudent administrator..." La.C.C.P. Art. 3191.

"Whenever an inventory of succession property otherwise would be required by law, the person at whose instance the inventory would be taken may file with the Department of Revenue and in the Succession proceeding, in lieu of an inventory... a detailed descriptive list of all succession property..." La.C.C.P. Art. 3136.

"It shall be the duty of a succession representative to close the succession as soon as advisable." La.C.C.P. Art. 3197.

"A succession representative may sell succession property in order to pay debts and legacies or for any other purpose, when authorized by the Court ..." La. C.C.P. Art. 3261 ... either by listing the property, La.C.C.P. Art. 3286, or thru a private sale, La.C.C.P. Art. 3281.

"When a succession representative desires to pay charges or debts of the succession, he shall file a petition for authority and shall include in or annex to the petition a tableau of distribution listing those charges and debts to be paid ..." La.C.C.P. Art. 3303.

"A succession representative shall file an account annually and at any other time when ordered by the Court on its own motion or on the application of any interested person." La.C.C.P. Art. 3331.

At the April 25, 1983 hearing appellant admitted that no inventory or detailed descriptive list, annual report or tableau of distribution had been filed even though debts of the succession had been paid.
He failed to offer any explanation why it took two and one-half months to file the petition to probate and nearly fourteen months from the date of death to determine the succession did not have sufficient assets with which to pay the debts and distribute the legacies. His reason for failing to either rent or list the succession property at 1130 Octavia Street was that the property was in a state of disrepair. Yet, he readily admitted that he stayed there over night at various times and that a caretaker lived there rent free for two and one-half years. We recognize that it was difficult for the trial court to determine the status of the property upon decedent's death, however, it is generally true that property which is not maintained will deteriorate especially if it is already in a state of disrepair. Accordingly, we hold that the trial court was correct in finding that appellant should have made reasonable attempts to either lease and/or sell the property shortly after decedent's death when it was apparent there was no need for an administration and funds were needed to pay succession debts. La.C.C.P. Arts. 3191, 3261, 3286 and 3281, supra.
Appellee alleged that appellant failed in his duty to list the particular legacies of furniture, furnishings, jewelry and various personal effects bequeathed to her. In defense of this assertion, appellant testified that he had no knowledge as to the whereabouts of some of the items bequeathed while others were given by the decedent to members of his family or other relatives shortly before her death. He further testified that he and his attorney verbally informed appellee, at the time of her mother's death, that she was free to take her mother's personal possessions as they were of no monetary value and that appellee failed to take possession. Appellee vehemently denied this assertion and testified that all of the items bequeathed to her were present in her mother's home and were in good condition prior to her mother's death. Appellant admitted that all of the "donated" items were removed after his mother's death with his permission and supervision.
*728 As executor, it was appellant's duty and responsibility with the assistance of his attorney, if necessary, to file a detailed descriptive list of all the property in decedent's house at the time of death, regardless of monetary value so as to provide a complete and concise evaluation of the property thus enabling the succession representative to properly administer the succession and inform heirs, creditors, and other interested parties of the nature and value of the succession property. Succession of Willis v. Martin, 228 So.2d 732 (La.App. 3rd Cir.1969), writ refused 255 La. 244, 230 So.2d 93 (1970). Included in that list should have been those objects allegedly given by decedent to various persons immediately before her death, which, but for those donations, would have gone to appellee especially in light of the fact that these movables were not delivered prior to the date of death. If there is any question at all that property donated might be claimed by the succession, the executor must include the subject property among the assets of the succession. Succession of Amos, 422 So.2d 605 (La.App. 3rd Cir. 1982).
Appellant also failed to include as succession assets certain funds held in certificates of deposit in the names of decedent and appellant. Appellant produced a document, allegedly in the handwriting of the decedent, stating these funds were, in truth and in fact, his from his natural mother who died in 1947. The trial judge concluded that the alleged document which was executed in January, 1980, shortly before decedent wrote her will, was, at best, "a simulated counterletter" and gave it no weight. The parol testimony by the witnesses attesting to the fact that it was decedent's handwriting was disregarded on credibility grounds.
Because decedent was listed on the face of the certificate as co-owner, appellant should have listed these funds in a descriptive list or inventory of the succession even if he had absolute proof that the funds, in actual fact, belonged to him. Succession of Amos, supra.
Finally, appellant asserts the trial court erred in finding appellant to be domiciled in the State of Mississippi, and as such, required by law to appoint an agent for service of process. La.C.C.P. Art. 3097(4). Failure to appoint an agent for service of process is grounds for removal of the succession representative. La.C. C.P. Art. 3182.
Appellant testified he was a resident of both Louisiana and Pearlington, Mississippi. He claimed decedent's house at 1130 Octavia Street was his Louisiana domicile. He testified he often slept at the Octavia Street residence but admitted that over the last twelve months he spent, at the most, thirty nights there at various times. He further admitted that his family resides at his home in Pearlington, Mississippi on a daily basis and that his children commute from there to school in Covington, Louisiana.
Steve Cambus, who lived in the Octavia Street property as caretaker, testified that since decedent's death, appellant stayed at the house with his family for Mardi Gras and an occasional weekend when visiting relatives.
Residence and domicile are not synonymous terms. Under Louisiana law a person may have several residences but only one domicile. La.C.C. Art. 38; Messer v. London, 438 So.2d 546 (La. 1983); Taylor v. State Farm, 248 La. 246, 178 So.2d 238 (1965); Turner v. Alexis, 436 So.2d 1346 (La.App. 4th Cir.1983). The evidence clearly indicates that appellant is, in fact, domiciled in Mississippi and, as such, should have appointed an agent for service of process as required by law. La.C.C.P. Art. 3097(4).
As a whole, the evidence shows that appellant failed to act diligently, conscientiously and promptly in the discharge of his duties as succession representative. We find no manifest error in the judgment of the trial court.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.