WILLIAMS, Judge.
This is an appeal by defendant Valerie Hemelt Hickey from a decision of the trial court ordering her as executrix of a succession to include two certificates of deposit in the sworn detailed descriptive list.
Defendant was the testamentary executrix of her sister Gertrude Hemelt’s succession. Among a number of items found in Miss Hemelt’s safety deposit box, were two certificates of deposit, which form the basis of this case. These certificates of deposit were originally inherited by the deceased. She had the designation on them changed to be payable to herself or to defendant. After Miss Hemelt’s death, defendant renegotiated the certificates of deposit into her name and did not include them in the sworn detailed descriptive list. Lorraine Hemelt Weigand, another heir, filed a Motion to Traverse the Sworn Detailed Descriptive List. After two hearings, the trial court granted the motion and ordered that the certificates of deposit be included in the succession.
The trial judge relied upon the decision in Succession of Amos, 422 So.2d 605 (La.App.3d Cir.1982). The facts in Amos are almost identical to those before us; decedent left a certificate of deposit jointly in her name and that of another person. The certificate of deposit was purchased entirely with the decedent’s funds. The issue in Amos, as in the present case, was whether the certificate of deposit should be considered as an asset of the succession. The court held that unless it can be shown that the certificate of deposit represented a valid donation, it should be included in the descriptive list. We agree. The Amos court held that funds used to purchase a certificate of deposit are corporeal moveables and can be a manual gift if there is actual delivery of the funds. Id. at 608 citing Succession of Miller, 405 So.2d 812 (La.1981). At issue then was whether the purchase of the certificates of deposit constituted the requisite delivery. It does not. The Supreme Court of Louisiana has held that under these circumstances there is no actual delivery. Broussard v. Broussard, 340 So.2d 1309 (La.1976). In Brous-sard, the court held that the purchase of a certificate of deposit in the names of two spouses without an actual withdrawal and delivery of funds to one spouse was not a manual gift or donation. The court analogized the purchase to a deposit in a joint savings account. The Broussard court further held that an account on deposit could be donated only by a notarial act because it is an incorporeal act. Id. at 1313 citing La.Civ.C. arts. 460 & 474. In Amos, the court concluded that without a notarial act, there could be no valid donation.
Nevertheless, the issue was remanded to the trial court in Amos on the basis of La.R.S. 10:3-201, which states in part:
“Donations inter vivos of negotiable instruments shall be governed by the provisions of this chapter, notwithstanding any other provision of the Louisiana Civil Code or any other law of this state relative to the form of donation inter vivos to the contrary.”
*893 Because certificates of deposit may or may not be negotiable, the Amos case was remanded to determine the status of that certificate of deposit under the facts presented. In the present case, there is no issue: the certificates of deposit themselves state that they are non-negotiable. See La.R.S. 10:3-104. As such, any donation of them is not subject to the exclusion set forth in La.R.S. 10:3-201 from the regulations concerning donations. There is no evidence in the record of a donation of the certificates of deposit passed by notarial act.
For these reasons, the trial court was correct in holding that the certificates of deposit should have been included in the descriptive list. The decision of the trial court is affirmed, all costs to be borne by defendant-appellant.
AFFIRMED.