BARRY, Judge.
William B. Gibbens, Jr. and May B. Gib-bens seek review of two rulings relative to the Succession of John S. Moore and the Succession of Muriel Vernet Moore who is John S. Moore’s last surviving child. John S. Moore died in 1898 and Muriel Vernet Moore died in 1991.
Four suits have been consolidated relative to these successions. In CDC # 91-9131, on May 14, 1991 William Gibbens, Jr. opened the succession of his aunt, Muriel V. Moore. On May 16, 1991 he was appointed dative testamentary executor and the trial court probated Muriel V. Moore’s olographic testament dated May 1, 1982. A judgment of possession was entered in accordance with the sworn descriptive list and the olographic testament.
In CDC #91-11434, Thompson B. Burk, as administrator of the Succession of Gwendolyn S. Moore Burk and Robert Landry filed a petition to reopen Muriel V. Moore’s succession based on an earlier statutory will dated August 21, 1979.
In CDC # 91-18891, Thompson Burk, administrator of the Succession of Gwendolyn S. Moore Burk, filed a “Petition for Establishing Co-Ownership for Judicial Partition and Injunctive Relief.” Burk alleged that certain items of movable property derived from American hero James Bowie were the property of the entire Moore family (the ten children of John S. Moore)[1] and not just Muriel V. Moore.
Muriel V. Moore had transferred several heirlooms to relators, Mr. and Mrs. Gib-bens, by manual donation prior to her death. Mr. and Mrs. Gibbens gave one of the items, a life portrait of James Bowie, to Nora Redmann, their daughter in California. Mr. and Mrs. Gibbens claim that the statutory will dated August 21, 1979 was invalid and was revoked in its entirety by the subsequent olographic testament. Mr. and Mrs. Gibbens alternately averred that regardless of whether Muriel V. Moore was the sole owner of the heirlooms, they obtained full ownership through the operation of acquisitive prescription as provided by La.C.C. art. 3490.
In CDC # 93-1857, John S. “Jack” Burk, individually, filed a petition for possession in the Succession of John S. Moore and named the ten deceased children of John S. Moore, asking that they be put in possession of the property of the decedent. The judgment of possession was signed on February 2, 1993 and placed the deceased heirs in possession of the Bowie heirlooms.
Relator William Gibbens moved to vacate the judgment of possession in CDC # 93-1857 relative to the Succession of John S. Moore and to consolidate that case with the cases relative to the Succession of Muriel V. Moore. The trial court deferred the motion to vacate, but consolidated the cases. The refusal to vacate the judgment of possession is the first issue in this application.
As to the Succession of Muriel V. Moore, Thompson Burk, as administrator of the Succession of Gwendolyn S. Moore Burk, filed a motion to traverse the descriptive list and increase the security so that the Bowie heirlooms, possessed at one time by Muriel V. Moore, could be added to the sworn descriptive list in her succession. The motion to traverse was denied, but on *491 John S. “Jack” Burk’s motion for reconsideration[2] the trial court reversed its earlier ruling and granted the motion and the Bowie heirlooms were added to the descriptive list. This ruling is the second issue contested in this application.

RULING ON MOTION TO VACATE JUDGMENT OF POSSESSION

Relators, Mr. and Mrs. Gibbens, argue that the judgment of possession in CDC # 93-1857 relative to the Succession of John S. Moore should be vacated because it was acquired solely for the purpose of enhancing John S. “Jack” Burk’s position in the pending litigation involving the same facts and was acquired without notice of the pending litigation or notice to the adverse parties.
Relators’ motion to vacate the judgment was not denied. The motion was deferred with the understanding that it would be vacated or modified if it conflicted with the results of the trial of the Succession of Muriel V. Moore. The question of whether the trial court is procedurally permitted to vacate the judgment of possession in the Succession of John S. Moore after the trial, if that judgment conflicts with the results in the trial of Succession of Muriel V. Moore, is not before this Court and will not be addressed.

MOTION TO TRAVERSE DESCRIPTIVE LIST AND INCREASE SECURITY

Mr. and Mrs. Gibbens also contend that the trial court incorrectly granted Burk’s motion to traverse the descriptive list and increase the security, so that the Bowie heirlooms could be added to the list.
Items which might be claimed by the succession should be included in the detailed descriptive list. See Succession of Danese, 459 So.2d 725 (La.App. 4th Cir.1984); and Succession of Amos, 422 So.2d 605 (La.App. 3rd Cir.1982).
The claim that the Bowie heirlooms were not solely owned by Muriel V. Moore and were not validly transferred to relators is arguable; thus there was no error in the ruling that the items be included in the descriptive list.
Relators’ writ application is hereby de-nje(j

WRIT DENIED.

. John S. Moore was the grandson of Rezin Bowie, whose brother was James Bowie.

. It is not apparent from the pleadings when John S. "Jack” Burk replaced Thompson Burk as administrator of the Succession of Gwendolyn Moore Burk.