JiBROWN, Judge.
At issue in this action for an accounting and settlement of the parties’ former community is whether the trial court erred in awarding legal interest from the date of judicial demand rather than from the date of judgment. Finding such an award to be inequitable under the facts and circumstances of this case, we reverse in part.[1]

Factual Background

Plaintiff-appellee, Patricia Camp, and defendant-appellant, Charles Paul Palmer, were married on November 22,1980. A judgment of legal separation was signed on June 23, 1986, terminating the parties’ community of acquets and gains, and a judgment of divorce was rendered on February 5,1987.
Plaintiff filed a petition seeking judicial partition of the property of the former community pursuant to La. R.S. 9:2801, together with a sworn descriptive list, on February 11, 1988. Defendant’s responsive pleadings and sworn descriptive list were filed on March 15, 1988. The parties stipulated to most of the classification, valuation and reimbursement issues. The only issue remaining was the classification and valuation of defendant’s General Motors Corporation Stock Savings Purchase Plan (“SSPP”) and Employee Stock Ownership Plan (“ESOP”).
Trial was held on May 2, 1997, more than nine years after the partition suit was filed. Court-appointed expert, William Staab, testified that at the time of trial, the community’s interest in defendant’s SSPP and ESOP was $74,622.80. This figure was accepted by the trial court, which awarded possession of the plans to defendant and determined that an equalizing payment in the amount of $29,818.13 was due plaintiff. The trial court assessed costs to defendant and |2awarded plaintiff legal interest on the equalizing payment from date of judicial demand until paid. Judgment was signed on May 13,1997.
Defendant has appealed, urging error in the trial court’s calculation of legal interest. *862 Plaintiff has answered, asserting error in the trial court’s calculation of the equalizing payment due her. The parties are now in agreement that the equalizing payment due plaintiff is $31,376.84 rather than $29,818.13 as awarded by the trial court. The judgment will thus be amended to reflect this amount.

Discussion

Defendant contends that the trial court erred in awarding legal interest on the equalizing payment due plaintiff from the date of judicial demand rather than from the date of judgment.
In Abraham v. Abraham, 233 La. 808, 98 So.2d 197 (1957), the Louisiana Supreme Court held that legal interest is due from date of judicial demand in a suit for accounting and settlement of the community. Since the supreme court’s pronouncement in Abraham, the Second Circuit has held in actions for accounting and settlement of the community that legal interest is due from the date of judicial demand rather than from the date of judgment. See Salsbury v. Salsbury, 27,062 (La.App.2d Cir. 06/21/95), 658 So.2d 734; McConathy v. McConathy, 25,542 (La.App.2d Cir 02/23/94), 632 So.2d 1200, writ denied, 94-0750 (La.05/06/94), 637 So.2d 1052; Webber v. Berry, 609 So.2d 1175 (La.App. 2d Cir.1992); Oliver v. Oliver, 561 So.2d 908 (La.App. 2d Cir.1990).
In Salsbury, supra, the appellant urged that the trial court’s award of legal interest from date of judicial demand on the equalizing payment due his ex-wife was inequitable because a considerable amount of time had passed between the partition trial and the signing of the judgment. In rejecting the appellant’s argument, this Court, noting that the delays were partly attributable to the 1 .^appellant, found no reason, in that particular case, to abandon the rule regarding the calculation of legal interest set forth in Abraham and Oliver.
The rule in the Third Circuit, on the other hand, is that interest is usually awarded from the date of partition of the former community property rather than from the earlier date of judicial demand. Poirier v. Poirier, 95-394 (La.App. 3d Cir. 11/02/95), 664 So.2d 532; Allen v. Allen, 602 So.2d 759 (La.App. 3d Cir.1992). In Poirier, the court reasoned:
Interest is normally awarded only from the date of partition of the former community property, rather than from the earlier date of judicial demand, because the valuation at the time of the partition in accordance with La.R.S. 9:280I(4)(a) already takes into consideration the appreciation in value of the property between the time of judicial demand and that of the time the valuation is made. Interest is awarded from the date of partition to make the division of the assets truly equal by compensating the party who has not enjoyed the use of former community property to which he was rightfully entitled.
664 So.2d at 534-35 (Emphasis added).
In Poirier, however, the Third Circuit affirmed the trial court’s award of legal interest from the date of judicial demand, noting that the value used by the trial court in partitioning the community was the value the property had as of October 4, 1989, rather than the value the property had as of the date of partition, some five years later. Thus, under the particular facts of the case, it was not inequitable for the trial court to award legal interest from the date of judicial demand rather than from the date of judgment.
We agree with a case-by-case analysis based on principles of equity and fairness, rather than a hard and fast legal rule. This approach allows, in the fixing of legal interest, the consideration of the appreciated value afforded the assets under La. R.S. 9:2801(4)(a). When appreciated assets give rise to the need for an equalizing payment and have not been utilized to the enjoyment of one spouse over the other, legal interest from date of filing may be unfair.
pin the instant case, more than nine years lapsed from the filing of the partition suit in 1988 to the trial and judgment of partition in 1997. The record reflects that in 1988, the community’s interest in defendant’s SSPP and ESOP was valued at $21,009.03. Had the partition been immediate, one-half of this amount, $10,504.51, would have been owed by *863 defendant to plaintiff in reimbursement. Defendant’s reimbursement claim against plaintiff was stipulated to be $5,934.56. Thus, the difference in these amounts, $4,569.95, is the equalizing payment that plaintiff would have received had the partition been effected in 1988.
On the other hand, at the time of trial in 1997, the community’s interest in defendant’s SSPP and ESOP was valued at $74,622.80; one-half of this amount, $37,311.40, is the amount of plaintiffs reimbursement claim against defendant. However, defendant’s reimbursement claim against plaintiff, which was stipulated to by the parties in 1988, has not appreciated, but is still $5,934.56.
The trial court’s award of legal interest from the date of judicial demand, which would result in defendant owing plaintiff almost $60,000 rather than the $4,500 he would have paid in 1988, is patently inequitable. The equalizing payment to which plaintiff is entitled is $31,376.84, approximately $27,000 (586%) more than she would have received had the partition been immediately effected. Valuation at the time of partition took into consideration the appreciation in value of defendant’s SSPP and ESOP between the date of judicial demand and the time of partition. See Poirier, supra. Therefore, under the facts and circumstances of this case, legal interest will be awarded from the date of judgment.

Conclusion

For the reasons set forth above, the judgment of the trial court is amended to reflect an equalizing payment to plaintiff in the amount of $31,376.84. Wejgfurther reverse the trial court’s award of legal interest from the date of judicial, demand and award plaintiff legal interest on the $31,376.84 equalizing payment from the date of judgment. AMENDED; REVERSED AND RENDERED. Each party will bear one-half of the costs of this appeal.

. We also amend the judgment to reflect the amount of the equalizing payment due plaintiff to be $31,376.84.