968 So.2d 811 (2007)
SUCCESSION OF Dona Mae FRANKLIN.
No. 42,496-CA.
Court of Appeal of Louisiana, Second Circuit.
October 17, 2007.
Seabaugh, Benson, Keene, Denny & Gerhardt, by: Joseph Ransdell Keene, Shreveport, for Appellant Robert Davis, Jr.
Richie, Richie & Oberle, by: Charles Vernon Richie, Shreveport, for Appellee Succession of Dona Mae Franklin.
Wiener, Weiss & Madison, by: John McGinty Frazier, Amanda E. Waddell, Shreveport, for Appellees American Society for Prevention of Cruelty to Animals and The Paralyzed Veterans of America.
Before GASKINS, CARAWAY and DREW, JJ.
*812 DREW, J.
The sole issue is whether a check payable to Dona Mae Franklin and found in her home following her death is a corporeal movable bequeathed to her legatee, Robert Davis, Jr., or an incorporeal movable inherited by the charities which are decedent's residuary legatees. The trial court ruled that the check is an incorporeal movable and, therefore, not a part of the gifts bequeathed to Davis, who appealed. The judgment is affirmed.

FACTUAL AND PROCEDURAL BACKGROUND
Franklin died on December 1, 2005, leaving no surviving spouse or descendants. In her last will and testament dated January 27, 2005, Franklin bequeathed to Robert Davis, Jr., her "house and land located at 612 Jenkins Road, Shreveport, Louisiana, together with all of the corporeal movable contents thereof." In the house, Davis found a $33,801.72 check payable to Franklin from AmergyBank, from which Franklin had redeemed her certificates of deposit (CDs). Davis delivered the check to the executor of the estate, attorney C. Vernon Richie, who deposited it into the succession bank account. The beneficiaries of Franklin's residuary estate were the American Society for the Prevention of Cruelty to Animals (ASPCA) and the Paralyzed Veterans of America (PVA).
In a suit for a declaratory judgment, Richie sought to have the check classified as an incorporeal movable or a corporeal movable, thus determining which legatee(s) was entitled to the proceeds. Subsequently, the ASPCA and the PVA moved for a summary judgment declaring the check to be an incorporeal movable and part of decedent's residuary estate. On December 18, 2006, the district court, citing La. C.C. art. 473, granted summary judgment declaring that the AmergyBank check was an incorporeal movable and, therefore, a part of the residuary estate belonging to the charities. Davis appealed.

DISCUSSION
The trial court must grant a motion for summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show . . . that mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(B). Appellate courts review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. Martin Marietta Materials of Louisiana, Inc. v. U.S. Fidelity and Guar. Co., 41,280 (La.App. 2d Cir.9/27/06), 940 So.2d 152. The facts in this case are not disputed, and the sole issue is the legal status of the check Davis found in the decedent's home.
The parties all agreed that cash was a corporeal movable and that if the funds from the AmergyBank CD had been found as money within the decedent's residence, the cash would have been a corporeal movable to which Davis was entitled. Davis essentially contended that the check is equivalent to cash, a corporeal movable to which he was entitled under the terms of the will. The charities asserted that a check (including a money order, cashier's check, teller's check or traveler's check) was an incorporeal movable, only an instrument representing an obligation by the bank to pay the amount represented by the check from the drawer's account.
In Succ. of Walker, 533 So.2d 70 (La. App. 3d Cir.1988), writ denied, 536 So.2d 1254 (La.1989), the decedent, Salter Walker, gave J.C. Walker a certified cashier's check made payable to decedent and J.C. Walker. After Salter's death, J.C. cashed the check, paid for the funeral and kept *813 the balance. The administrator of decedent's estate sued J.C. for the return of the money. Since the check was not cashed until after Salter's death, the succession contended on appeal that there was no valid manual gift of the cashier's check, since it was an incorporeal movable, the donation of which had to be by authentic act. La. C.C. arts. 1536 and 1538. The court stated:
Under Louisiana law, property may be gratuitously disposed of in only two ways: (1) Donations inter vivos (between living persons), or (2) Donations mortis causa (in prospect of death). La. C.C. art. 1467. A donation mortis causa is only valid when done through a last will and testament. La. C.C. art. 1570. As the decedent in this case died intestate, there was no valid donation mortis causa of this certificate of deposit.
A donation inter vivos is an act by which the donor divests himself, at present and irrevocably, of the thing given, in favor of the donee who accepts it. La. C.C. art. 1468. In order to be a valid donation inter vivos of immovable property or of incorporeal things, the donation must be by notarial act. La. C.C. art. 1536, 1538. The only exception to the form requirement of arts. 1536 is the giving of a manual gift. A manual gift, as defined by La. C.C. art. 1539, is "the giving of corporeal movable effects, accompanied by a real delivery." This type of donation is not subject to any formality.
Walker, supra, at p. 73.
La. C.C. art. 461 defines corporeals as things that have a body, whether animate or inanimate, and can be felt or touched. The article specifies that incorporeals are things that have no body, but are comprehended by the understanding, such as the rights of inheritance, servitudes, obligations, and right of intellectual property. Corporeal movables are things, whether animate or inanimate, that normally move or can be moved from one place to another. La. C.C. art. 471. Incorporeal movables are defined in La. C.C. 473, which states, in pertinent part:
Rights, obligations, and actions that apply to a movable thing are incorporeal movables. Movables of this kind are such as bonds, annuities, and interests or shares in entities possessing juridical personality.
The Walker court explained that cash is a corporeal movable which may be the subject of a manual gift. A check which has not been cashed by the donee prior to a donor's death is still an incorporeal moveable and cannot be the subject of a manual gift under the aforementioned requirements of the Civil Code. The court went on to point out that the legislature effectively overruled a 1981 case, Succession of Miller, 405 So.2d 812 (La.1981), which held that bearer bonds were incorporeal immovables not subject to being a manual gift with the result that the bonds were still part of the decedent's estate. Enacted in 1982, La. R.S. 10:3-201(4) directed that inter vivos donations of negotiable instruments were governed by Title 10 rather than any contrary provisions in the Civil Code.
The analysis of the disputed cashier's check in Walker resulted in the court concluding that it was a negotiable instrument. The Walker check was signed by the maker and was an unconditional promise to pay a sum certain in money to the bearer. It was undisputed that the check was the proceeds from a CD which belonged to the decedent, although the CD was in the name of the decedent and J.C. The evidence was that Salter, the decedent, donated/transferred the check (made out to him and J.C.) to J.C. the day before Salter's death. Even though the *814 transaction did not comply with the Civil Code requirements for donating an incorporeal movable, the negotiable instrument became the property of J.C., who was a named payee, another necessity for an instrument to be negotiable. Succ. of Walker, supra.
We recognize that the Walker case upon which the charities rely is factually distinguishable. The Walker check was made payable to the decedent and the claimant, J.C., while this check was made payable only to the decedent, Dona Mae Franklin. Most significantly, Walker dealt with an inter vivos donation while the present dispute concerns a donation mortis causa. Davis is not assisted by jurisprudence stating that checks can be subject to manual gifts. The charities here correctly point out that the decedent's intent is not an issue in this donation mortis causa. The sole issue is the legal status of the check representing the proceeds of the decedent's CD.
Davis' reliance on the fact that checks are not included in the items listed in La. C.C. art. 473 is misplaced. The list is clearly illustrative based upon the language that incorporeal movables "are such as bonds, annuities, and interests or shares . . ." (Emphasis added.) Another item not contained in the list in La. C.C. art. 473 is a CD which was held to be an incorporeal movable in Poirier v. Poirier, 95-394 (La.App. 3d Cir.11/2/95), 664 So.2d 532. In that community property dispute, the court held that there was no showing of the required notarial donation of the CDs nor any evidence that the CDs were negotiable instruments governed by the exception contained in La. R.S. 10:3-201(4). Therefore, the CDs were incorporeal movables and remained part of the community property. Poirier, supra.
This check made payable to the decedent represented the obligation of the bank to pay funds to the decedent. The charities correctly note that the bank had no obligation to pay the funds represented by the check to Davis. Because the check had yet to be cashed, it represented the right to the money and an obligation of the bank to pay to the proper obligee. The trial court correctly found the check to be an incorporeal movable in the decedent's residuary estate to which the charities are entitled.

DECREE
The judgment of the trial court is affirmed at the cost of appellant, Robert Davis, Jr.
AFFIRMED.