LOTTINGER, Judge.
This is a suit by plaintiff-in-rule, Joy Mohana Sonnier, to have a trust created in the Last Will and Testament[1] of her deceased father, Louis J. Mohana, Sr.,[2] declared invalid, null and void for failure to include all of the forced heirs within its terms and conditions; to have all proceedings in the succession declared invalid, null and void for failure to adhere to the provisions of LSA-C.C.P. art. 3031; to have the judgment of possession declared invalid, null and void; to have the succession reopened for further proceedings; to have a public inventory taken of the property of the decedent; and to have the defendant-in-rule Mae Dora Trahan Mohana, the sole named trustee of the trust created in the Last Will and Testament declared incompetent as a trustee and disqualified and removed as such retroactive to the time that the trust came into existence and that all of her acts as trustee be declared to be without legal force and effect.
The Trial Judge has very adequately set forth the facts in this proceeding to wit:
“The decedent was married twice, first to the mother of the petitioner herein, from whom he was divorced, the petitioner herein being the sole issue of that marriage, and secondly to Mae Dora Mohana, there being two major children born as a result of that union. The decedent was survived by his three children and by Mae Dora Mohana. The decedent left a Last Will and Testament in notarial form wherein he bequeathed to his surviving widow the disposable portion of all of the property which he owned at the time of his death and he confirmed her usufruct upon the two-thirds of the legitime of his estate inherited by the children of his second marriage. In the event of his wife predeceasing him, the decedent bequeathed the disposable portion of his estate to the children of his second marriage. With reference to the legitime belonging to his children, the decedent bequeathed one-third to his son by his second marriage, one-third to his daughter by his second marriage, and the remaining one-third to his daughter by his first marriage, Mrs. Sonnier; however that was bequeathed to her through his surviving widow Mae Dora Mohana as trustee for Mrs. Sonnier. The trust as set forth in the Will is for the life of Mrs. Sonnier and the terms provide that the trustee shall pay the income of the trust to the beneficiary at each quarter; the interest of the beneficiary in the trust was made subject to the maximum restraint on alienation permitted by Louisiana law, the trustee was relieved of proving [sic] bond or any security, the trustee was relieved from all liability in connection with the administration of the trust except liability for gross misconduct, and in the event that the trustee declined, failed to qualify or died or ceased to act for any reason, then Louis J. Mohana, Jr., a child of the second marriage, was named as trustee.”
The defendants-in-rule filed exceptions of no right and no cause of action which were overruled by the Trial Court. The Trial Judge in his written reasons for judgment in dismissing the petition of Mrs. Joy Moha-na Sonnier said:
*1289 “While in the Court’s opinion the action of the testator constitutes a de facto infringement on the right of forced heir-ship, a blatant and obvious attempt to favor the second wife and the children of the second marriage over the child born of the first marriage, and an effective suspension of the right of Mrs. Sonnier to derive any benefit whatsoever from the property which she must inherit from her father, nevertheless the testator, in the Court’s opinion, has accomplished his purpose within the limits of the law. Quite Frankly, the Court would be most happy to have any Appellate Court reverse this judgment, declare the entire proceeding invalid and proceed to do what in this Court’s opinion equitably should be done. Unfortunately, this Court can find no legal basis for doing the equity which should be done in this case. Hopefully some Appellate Court will.”
In appealing the appellant assigns the following specifications of error:
“1. The trial court committed reversible error in not finding that the trust established by the last will and testament of LOUIS J. MOHANA, SR., was invalid, null and void, on the grounds that it did not place the legitime of all of the forced heirs in trust.
“2. The trial court committed reversible error in not finding, in the alternative, that the designated trustee of the trust established by the last will and testament of LOUIS J. MOHANA, SR., was a legally incompetent trustee, automatically disqualified from serving as such and any and all of her acts as trustee without legal force or effect on the grounds that said trustee was the sole named trustee, that for all intents and purposes said trustee was a beneficiary of the trust, and that said named trustee was an owner in her own right of substantial and virtually inseparable interest in the trust property.
“3. The trial court committed reversible error in not finding, in the second alternative, proper cause to order the reopening of the succession of Louis J. Mohana, Sr., and for the taking of a public inventory, on the grounds that the sworn descriptive list used in said pleadings is suspect on its face.”
SPECIFICATION OF ERROR NO. 1
Art. IV, § 16, La.Const. (1921) provides in part:
“No law shall be passed abolishing forced heirship; but the legitime may be placed in trust to the extent authorized by the Legislature.”[3]
The Legislature by LSA-R.S. 9:1841 in part has provided that “the legitime or any portion thereof may be placed in trust * We interpret this language to mean that not all of the legitime or forced portion of a succession must be placed in trust, if any is to be, but “any portion thereof”.
Appellant argues that a class trust was created, LSA-R.S. 9:1893, and thus all of the forced portion must be placed in trust. We do not agree. Separate bequests were made to Louis J. Mohana, Jr.[4] and Mrs. Jean Carol Giglio,[5] subject to the usu-fruct in favor of their mother. It is only the bequest made to plaintiff-in-rule[6] that a trust is mentioned. LSA-R.S. 9:1893 al *1290 lows the creation of a class trust, but it does not mandate such, nor do we find that such a trust was even intended by the express terms of the Last Will and Testament.
SPECIFICATION OF ERROR NO. 2
Appellant argues basically that the trustee, Mrs. Mae Dora Mohana, is disqualified from acting as trustee because of LSA-R.S. 9:1784[7] and R.S. 9:2094.[8]
The trustee is certainly not the set-tlor nor is she a beneficiary of the trust and thus she is not disqualified under LSA-R.S. 9:1784.
LSA-R.S. 9:2094 is not one of the qualifications that must be met to be appointed a trustee. Plaintiff-in-rule attacks the original qualifications of the trustee, however, we feel that this section is not applicable.
SPECIFICATION OF ERROR NO. 3
Lastly, appellant argues that under LSA-C.C.P. 3393 B[9] the succession should have been reopened because of obvious errors appearing on the face of the sworn descriptive list.
Whether a succession will be reopened or not is within the sound discretion of the Trial Court. Danos v. Waterford Oil Co., 225 So.2d 708 (La.App. 1st Cir. 1969), writ refused, 254 La. 856, 227 So.2d 595 (1969).
Considering that the Trial Judge reviewed in detail the evidence and arguments presented, his feelings as to the outcome and pleading that an appellate court reverse, we cannot say that he abused that discretion vested in him in refusing to reopen the succession.
Therefore, for the above and foregoing reasons the judgment of the Trial Court is affirmed; appellant to pay all costs.
AFFIRMED.

. Last Will and Testament dated February 14, 1974.

. Testator died October 20, 1974.

. This provision is preserved in Art. XII, § 5, La.Const. (1974) which now reads as follows:
“No law shall abolish forced heirship. The determination of forced heirs, the amount of the forced portion, and the grounds for disin-herison shall be provided by law. Trusts may be authorized by law, and a forced portion may be placed in trust.”

. “I will and bequeath, subject to the usufruct hereinabove established, to my son, Louis J. Mohana, Jr., an undivided one-third of all of the rest of the property which I will own at the time of my death.”

. “I will and bequeath, subject to the usufruct hereinabove established, to my daughter, Mrs. Jean Carol Giglio, an undivided one-third of all of the rest of the property which I will own at the time of my death.”

. “I will and bequeath, to Mrs. Mae Dora Mo-hana, as Trustee, to hold in trust for the benefit of my daughter, Mrs. Joy M. Sonnier one-third of all of the rest of the property which I will own at the time of my death.”

. LSA-R.S. 9:1784 provides:
“There must always be one trustee who is neither a settlor nor a beneficiary, but if there are two or more trustees the others may be settlors or beneficiaries of the trust.”

. LSA-R.S. 9:2094 provides:
“A trustee shall keep the trust property separate from his individual property, and, so far as reasonable, keep it separate from other property not subject to the trust, and see that the property is designated as property of the trust, unless the trust instrument provides otherwise.”

. LSA-C.C.P. 3393 B provides:
“After tacit or express acceptance by the heirs or rendition of a judgment of possession by a court of competent jurisdiction, if other property is discovered, or for any other proper cause, upon the petition of any interested person, the court, without notice or upon such notice as it may direct, may order that the succession be opened or reopened, as the case may be, regardless of whether or not, theretofore, any succession proceedings had been filed in court. The court may appoint or reappoint the succession representative, if any, or may appoint another, or new, succession representative. The procedure provided by this Code, for an original administration, shall apply to the administration of successions tacitly or expressly accepted by heirs and in successions where a judgment of possession has been rendered, in so far as same is applicable.