366 So.2d 154 (1979)
Martin COHEN, As Executor of the Estate of Louis Cohen, Deceased, Appellant,
v.
Jean LANSBURGH and Leonard Lansburgh, As Co-Personal Representatives of the Estate of Morris Lansburgh, Deceased, Jean Lansburgh, Bernard Fuller, Erwin J. Fried, Ivar Blacker, Alan J. Cohen, Jerry Wittels, Joel Cohen, Roslyn Zerlin, Hillard Halpryn, Sam Cohen, and Bennett M. Lifter, As Trustee, Appellees.
No. 78-165.
District Court of Appeal of Florida, Third District.
January 16, 1979.
*155 Forrest, Ruffner, Traum & Hagen and Max Hagen, Miami, for appellant.
Fuller, Feingold, Weil & Scheer and B.C. Fuller, Miami Beach, for appellees.
Before PEARSON, BARKDULL and KEHOE, JJ.
BARKDULL, Judge.
In 1966, various people entered into a joint venture agreement to operate the Eden Roc Hotel, located in Miami Beach, Florida [Louis Cohen was one of the joint venturers]. They were the lessees of a long term ground lease on the hotel. The agreement provided, by its terms, that it would be effective until December 31, 1976. It also provided that the joint venturers would be responsible for their pro rata share of any expenses of operation. It further provided that if any partner or joint venturer did not come up with his share, a charging lien could be imposed on said share which would include costs and attorney fees.
In 1973, the joint venturers sold their interest in the lease and took back a purchase money note secured by a mortgage. Subsequently, their purchaser and the mortgagor on the purchase money mortgage filed a voluntary petition in bankruptcy. On the same day, the joint venturers sought to foreclose the purchase money mortgage in the State courts. A Trustee in Bankruptcy took possession of the property and subsequently the joint venturers, hereinafter referred to as the Lansburgh Group, entered into an agreement with the Trustee which provided, among other things, that they would advance $400,000.00 to pay off obligations against the hotel which would be represented by a trustee's certificate and be payable only out of the operation of the hotel; that the Lansburgh Group would advance other monies as needed in the operation of the hotel, and that the agreement would continue until such time as the bankruptcy court terminated same. Pursuant to the agreement and the trustee's order, the Lansburgh Group retook possession of the hotel and commenced to operate it.
There was a dispute as to the validity of the mortgage lien held by the Lansburgh Group at all times material hereto. After the Lansburgh Group took possession of the hotel, they operated it in accordance with the terms of their original joint venture operating agreement dated in 1966. The parties were unable to sell the hotel because of the pending bankruptcy matter. The time cane and went when the original operating agreement expired, and the parties continued to operate in accordance with the terms expressed therein and no one, at any time, has applied to the Federal Bankruptcy Referee to terminate the management arrangement in accordance with the Trustee's order.
Louis Cohen, while alive, contributed his pro rata share of the expenses necessary to continue the operation of the hotel. After his death, the operating partners called upon his estate to pay his proportionate share of certain expenses, which was declined. Suit was instituted to collect the principal amount owed as his share of the expenses, sought a charging lien against his interest to secure payment of said amount, and attorney's fees. The matter came on for hearing and the court recognized that the original operating agreement had terminated *156 by its terms and/or the death of Louis Cohen. However, the court recognized that a partnership or joint venture may be continued after its termination date for the purpose of winding up its affairs and disposing of its assets. In this connection, see: Price v. Hicks, 14 Fla. 565 (1974); Jacksonville, Mayport, Pablo Railway & Navigation Company, a corporation v. Warriner, 35 Fla. 197, 16 So. 898 (1895); Ex Parte Amos, 94 Fla. 1023, 114 So. 760: Section 620.705, Florida Statutes (1975); 24 Fla.Jur., Partnership, §§ 116, 121, 146 and 147. He found that the Cohen Estate owed $38,400.00 as its proportionate share of the operating expenses, granted a charging lien against the Cohen interest, and awarded attorney's fees.
This appeal ensued, contending, first, that the parties were not making bona fide attempts to wind up the affairs of the partnership or joint venture and, therefore, the Cohen Estate should not have been liable for a proportionate share of the continuing operating expenses. Secondly, there was no authority to enter an award of attorney's fees, the agreement between the parties having expired by its terms.
We affirm. There is ample evidence to support the finding of the trial judge that the Lansburgh Group was making bona fide attempts to dispose of the hotel, but they were frustrated because of the current bankruptcy proceeding and the still-questioned validity of their mortgage. Therefore, we affirm this finding of the trial judge.[1]Roberts v. Southern Farm Bureau Casualty Insurance Company, 215 So.2d 59 (Fla.1st DCA 1968); Shaw v. Shaw, 334 So.2d 13 (Fla. 1976); Jones v. Jones, 338 So.2d 60 (Fla.3d DCA 1976).
The attorney fees presents a more difficult problem. However, an examination of the record indicates that the Lansburgh Group, which included Louis Cohen, was authorized to take over the Eden Roc Hotel pursuant to a trustee's order, which is still in effect. By their actions, the parties operated during Louis Cohen's lifetime in accordance with the terms of the joint venture agreement, which was impliedly recognized by the Federal Bankruptcy Referee when he permitted the Lansburgh Group to return to possession of the hotel. As aforesaid, he made this order effective until terminated by court order, which to date has not been done, and we hold the trial judge was correct in considering that the parties either actively or constructively had continued the operation of the hotel in accordance with the terms of their original 1966 agreement. We further note, from general authorities, that upon a winding up of a partnership or joint venture the obligations, responsibilities and rights as between the parties (as reflected in their original agreement) will continue until a final disposition of all the assets. A participant is entitled to receive any monies earned or received in accordance with his pro rata interest, as reflected in the original agreement, and likewise being responsible to the joint venture or partnership in accordance with the original terms and conditions. Kartage v. Interocean, S.A., 167 So.2d 76 (Fla.3d DCA 1964); Biers v. Sammons, 242 So.2d 158 (Fla.3d DCA 1970); Section 620.67, Florida Statutes (1975); 24 Fla.Jur., Partnership, § 152.
The appellant has also contended that the amount of attorney's fees is unreasonable, which we find to be completely without merit.
Therefore, the final judgment under review be and the same is hereby affirmed.
Affirmed.
NOTES
[1] As a co-tenant of the lessees' interest in the balance of the long term lease, the Cohen interest would have had an obligation to pay a pro rata share of the costs to protect the property without any agreement. Meckier v. Weiss, 80 So.2d 608 (Fla. 1955); Berkan v. Brown, 242 So.2d 207 (Fla.3d DCA 1970); Section 620.645(2), Florida Statutes (1975).