BOWES, Judge.
Appellant Frederick Elliott, Jr. (hereinafter Elliott) perfects this appeal from a judgment of the district court sustaining an exception of no right of action filed by Elmer L. Klueger (hereinafter Klueger) and dismissing Elliott's petition to reopen the succession of Marie Louise Dupuy Klueger, wife of Elmer L. Klueger. We affirm.
Marie Louise Dupuy Klueger died testate on April 8, 1983. Her last will and testament dated April 9, 1980, named her husband, Elmer L. Klueger, testamentary executor with full seizin, as well as naming him her universal legatee. The will also contained the following language:
“In consideration of the love and affection which I hold for my nephew, Frederick Elliott, I give and bequeath to him the $26,500.00 which he owes to me resulting from a loan which I made to him when he entered business. It is to be understood that this bequest is to be for the forgiveness of the entire amount of the said loan.”
The will was submitted for probate on August 24, 1983. In the proceedings was included a “Petition for Possession” by both Klueger and Elliott, in which both accepted their “legacies” and in which Klueger, as executor, requested the legatees be sent into possession without an administration. A judgment of possession was signed on August 24, 1983, which dispensed with administration, recognized Klueger as sole heir and universal legatee and sent him into possession of the decedent’s property, certain real estate, furnishings, and cash. Paragraph (5) of the judgment further stated:
“The indebtedness to the estate of Marie Louise Dupuy Klueger in the amount of Twenty-six Thousand Five Hundred and 00/100ths Dollars ($26,500.00) due by Frederick Elliott is discharged and released.”
The controversy stems from property described in that judgment as “an undivided nineteen-fiftieths (19/50) interest” in a certain parcel of land in Kenner. It is contended by Elliott that the decedent Mrs. Klueger owned the land in question jointly with her two sisters, Marie Dupuy Elliott (mother of appellant) and Marguerite Du-puy Fowler, and that at the time of her death her true share of the property was 35/90 of the whole.
Elliott’s role in the proceedings became active upon the death of his mother. In her succession, Elliott and his sister inherited Mrs. Elliott’s share of the Kenner property. Following the Elliott succession, appellant instituted a partition proceeding against the remaining sister, Mrs. Fowler, his sister, and Klueger. The Fowlers excepted to the partition, alleging that the 35/90 owned by Mrs. Klueger at the time of her death was 4/450 greater than the 19/50 interest inherited by Klueger; that the Succession of Mrs. Klueger or an unknown donee, vendee, assignee, or transferee is the owner of the 4/450 interest, and that such party was indispensable to the proceeding. While it does not appear in the record of the succession proceeding, it appears that the exception was sustained.
In any case, Elliott next filed an ex parte petition to amend the judgment of possession in the Klueger succession (this present proceeding), seeking to change the possession of Klueger’s share of the Kenner property from 19/50 to 35/90. The judgment was so amended on May 4, 1989.
On May 10, Klueger filed a motion for a new trial and/or to vacate the amended judgment of possession, averring that he was not cited in the petition; that Elliott was not the proper party to move for such relief; that the succession had been reopened without reappointment of a succession representative; and that an amended judgment of possession could only be obtained after a contradictory hearing with the succession representative. On June 27, 1989, the court granted a new trial and vacated the amended judgment of possession without written reasons. This judgment has not been appealed.
Next, Elliott filed a petition to reopen the succession of Mrs. Klueger, have himself appointed as succession representa *1077 tive, and have the judgment of possession in the Klueger succession amended to reflect Klueger’s possession as an undivided 35/90 of the Kenner property. In response, Klueger excepted to the petition averring that Elliott is not an “interested party” within the meaning of LSA-C.C.P. art. 3393 (infra) and, therefore, had no right of action to institute the proceedings, and requesting dismissal of Elliott’s petition to reopen the succession.
Following oral argument, the trial court sustained the exception of no right of action and dismissed the petition to reopen the succession and amend the judgment of possession. It is this judgment which is the subject of the present appeal.
Elliott claims on appeal that as a legatee in his aunt’s will, he is an interested person within the meaning of C.C.P. art. 3393(B), which states:
B. After tacit or express acceptance by the heirs or rendition of a judgment of possession by a court of competent jurisdiction, if other property is discovered, or for any other proper cause, upon the petition of any interested person, the court, without notice or upon such notice as it may direct, may order that the succession be opened or reopened, as the case may be, regardless of whether or not, theretofore; any succession proceedings had been filed in court. The court may appoint or reappoint the succession representative, if any, or may appoint another, or new, succession representative. The procedure provided by this Code, for an original administration, shall apply to the administration of successions tacitly or expressly accepted by heirs and in successions where a judgment of possession has been rendered, in so far as same is applicable.
Elliott cites Succession of Kilpatrick, 356 So.2d 1083 (La.App. 2 Cir.1978) in support of his contention that one need have only a justiciable or pecuniary interest in the succession to be an “interested person.” However, that case is not dispositive of the issues in the present situation. In Kilpatrick, the pecuniary interest was a fee due the petitioner, as well as the fact that petitioner was the universal legatee. Here, we have a petitioner, Elliott, whose sole interest in the succession of Mrs. Klueger was forgiveness of a substantial debt. Reopening the Klueger succession will benefit him in no way in that succession.
“A remission of debt is effective when the obligor receives the communication from the obligee. Acceptance of a remission is always presumed unless the obligor rejects the remission within a reasonable time.” LSA-C.C. art. 1890.
Elliott specifically accepted the remission in the original petition for possession referred to hereinabove. His involvement or interest in the Klueger succession ceased in 1983. As far as the Klueger succession is concerned, he has no interest in having a property description corrected involving property which was inherited by his uncle, Klueger, the universal legatee. He will gain nothing in that succession by reopening it. See, e.g., Succession of Feitel, 187 La. 596, 175 So. 72 (1937), overruled on other grounds, 481 So.2d 607 (La.1986), in which the Supreme Court found the plaintiff had no right of action to have a will annulled “...inasmuch as the plaintiff in this case would gain nothing if the will ... should be annulled....”
Appellant also relies on Succession of Barone, 505 So.2d 153 (La.App. 4 Cir.1987) in which the court permitted an amendment of a judgment of possession. That case is inapposite inasmuch as the appellant there, who had successfully reopened the succession, was a son, and therefore a named heir, placed in possession of part of his mother’s property, and this property had been incorrectly described in the judgment of possession. Here, Elliott’s interest in the property devolves from his mother’s succession, not from 'the Klueger succession. While it is true that Elliott has avenues which he may pursue in order to determine the true interests of all parties in the Kenner property, reopening the Klueger succession is not available to him since he has no interest in it. Under LSA-C.C.P. art. 681, an action can be brought only by a person having a real and actual *1078 interest which he asserts, and we find here that Elliott has no right of action in the present petition to reopen the succession of Mrs. Klueger.
Whether a succession will be reopened or not is within the sound discretion of the trial court. Succession of Mohana, 351 So.2d 1287 (La.App. 1 Cir.1977); Danos v. Waterford Oil Co., 225 So.2d 708 (La.App. 1 Cir.1969). We find no abuse of discretion here.
For the foregoing reasons, the judgment of the trial court maintaining appellant’s exception of no right of action and dismissing the petition to reopen the succession of Mrs. Klueger is affirmed. Costs are assessed to appellant.
AFFIRMED.