STOKER, Judge.
This is an action for damages caused by the alleged fraud committed by the administrators of a succession. Plaintiff, Louise Fontenot, appeals a judgment granting defendants’ exceptions of prescription, no right of action and no cause of action. We affirm.
FACTS
This suit arises from a succession proceeding. Upon the death of Laura Richard Mitchell in 1984, Laura’s son and grandson, Francis Anthony Mitchell, Sr. and Francis Anthony Mitchell, Jr., instituted succession proceedings, alleging that Laura Mitchell had died intestate. They were appointed to administer the succession. A judgment of possession in favor of Laura’s only child, Francis Anthony Mitchell, Sr., was rendered on November 14, 1985.
On January 3, 1986, Louise Richard Fon-tenot, Laura’s sister, filed motions to contravene the affidavit of death and heirship and to set aside the judgment of possession, alleging that Francis A. Mitchell, Sr. was not Laura’s heir since he was not her natural son and had never been adopted. Louise Fontenot claimed that she and her two brothers were the proper heirs.
At the contradictory hearing on the motions on June 2, 1986, Francis A. Mitchell, Sr. produced Laura Mitchell’s will, which purported to leave all of her property to him as her son. Mitchell’s attorney, Jo Bush Chandler, stated that, at the time the court was originally petitioned to open Laura’s succession and appoint the Mitchells to administer it, she had decided not to present the will to the court and to proceed instead with an intestate succession because she did not believe the will to be valid in form. However, Francis A. Mitchell, Jr., Laura’s grandson, later testified that he did not go through his grandmother’s effects and find the will until after Louise Fontenot filed her motions to set aside the judgment of possession. Upon production of the will, Louise Fontenot voluntarily dismissed her motions. Subsequently, the succession was reopened and the will was submitted for probate.
On November 3, 1987, Louise Fontenot filed a suit for damages against Francis A. Mitchell, Sr., Francis A. Mitchell, Jr. and Jo Bush Chandler, alleging fraud in suppression of the will. Mrs. Fontenot contended that had she known of the will, she would not have filed her motions to set aside the judgment of possession. She claimed as damages the attorney fees and expenses she incurred in her suit.
Jo Bush Chandler and her malpractice insurer, Hartford Insurance Company, filed exceptions of no right of action, no cause of action and prescription which were sustained by the trial court on May 16, 1988. Thereafter, the Mitchells filed exceptions *502 of no right of action, no cause of action and prescription, which were also sustained by the trial court on April 25, 1989.
Louise Fontenot appeals the judgment in favor of the Mitchells. She has not appealed the judgment dismissing her suit against Chandler.
OPINION
Louise Fontenot contends the trial court erred in sustaining defendant’s exception of prescription under the one-year prescriptive period for delictual actions, LSA-C.C. art. 3492. She argues that the two-year prescriptive period for actions against succession representatives, LSA-R.S. 9:5621, applies to her action.
Louise Fontenot is not an heir, legatee or creditor of Laura Richard’s succession. Therefore, she lacks standing to complain of the conduct of the administrators of Laura’s succession under LSA-C.C.P. arts. 3181 and 3182, LSA-C.C.P. arts. 3191-3395 and LSA-R.S. 9:5621.
Fontenot has alleged a cause of action for fraud under LSA-C.C. art. 2315. Presentation of a will, even if the party in possession of the will considers it invalid, is required by law. LSA-C.C.P. art. 2853. See Succession of McClendon, 383 So.2d 55 (La.App. 2d Cir.1980). See also, Succession of Riggio, 395 So.2d 361 (La.App. 1st Cir.), vacated on other grounds, 405 So.2d 513 (La.1981); David v. David, 347 So.2d 885 (La.App. 3d Cir.1977). However, as pointed out by the trial court judge in his oral reasons for judgment, Mrs. Fontenot learned of the existence of the will at the hearing on June 2, 1986 but did not file her suit for damages until November 3, 1987. Therefore, her action has prescribed under the one-year prescriptive period of LSA-C.C. art. 3492.
CONCLUSION
For the reasons given, the judgment of the trial court is affirmed. Costs of this appeal are assessed to plaintiff-appellant.
AFFIRMED.