687 So.2d 1044 (1996)
Calvin J. GUIDRY
v.
Cathy Ann Guidry DUFRENE and Linda Marie Pitre King.
No. 96 CA 0194.
Court of Appeal of Louisiana, First Circuit.
November 8, 1996.
Samuel W. Ethridge, Kenner, for Plaintiff-Appellant.
*1045 Jack B. Wise, Thibodaux, for Defendants-Appellees.
Before LOTTINGER, C.J., and FOIL and FOGG, JJ.
FOGG, Judge.
Plaintiff brought this action to annul a judgment of possession which placed his daughter and her half-sister in possession of their mother's interest in a certain piece of immovable property. The salient issue raised on appeal is whether he has any interest in enforcing the right he asserts, that is, whether his claim can withstand a peremptory exception raising the objection of no right of action.
Calvin J. Guidry and Louise Anselmi met in 1953. Shortly thereafter, Calvin, Louise, and Louise's daughter, Linda Pitre, began residing together in an apartment on Canal Street in New Orleans, Louisiana. On October 16, 1955, Cathy Guidry was born of the union between Louise and Calvin.
In March of 1956, Calvin purchased a house on Carlisle Court in Algiers, Louisiana. Calvin declared in the act of sale and in the mortgage that he was married to Louise and then presently living and residing with her. They lived together as a family in the residence for approximately two years. Late in 1958, while working in Mississippi, Calvin met another woman. Soon thereafter, he requested that Louise and the children leave the residence on Carlisle Court. Calvin testified that he gave Louise some money and allowed her to take some furniture when she left their Carlisle Court home. He also admitted that he had little contact with Louise or the children after the break-up.
In January of 1959, the current Mrs. Guidry joined Calvin in the house on Carlisle Court. They were married in June of 1959.
A few years after the separation of Calvin and Louise, Louise became seriously ill and required treatment at Charity Hospital in New Orleans. Shortly before her death at Charity Hospital in December of 1962, she and the children moved to Golden Meadow, Louisiana in order to be near her family. Both her death certificate and obituary notice showed her name as Louise Anselmi Guidry and stated that she was a resident of Golden Meadow. Calvin was unaware of Louise's death until shortly before this suit was filed.
Calvin and the current Mrs. Guidry lived in the house on Carlisle Court for many years and then moved to Mississippi. Some years later, Calvin's stepdaughter (the daughter of the current Mrs. Guidry) wanted to purchase the Carlisle Court property. In the process of the title examination, it was discovered that Calvin had declared in the act of sale and the mortgage that he was married to Louise.
Calvin's stepdaughter contacted Cathy regarding information on Louise. Pursuant to this call, Cathy made several attempts to contact her father to no avail. Finally, Cathy contacted an attorney who opened her mother's succession and obtained an ex parte judgment of possession placing Cathy and Linda in possession of Louise's undivided one-half interest in the property on Carlisle Court. Linda then executed a quitclaim deed giving Cathy her interest in the property.
The judgment of possession was signed on December 13, 1993. Calvin filed an action to annul the judgment of possession in January of 1994, alleging that the judgment was procured by fraud and ill practices. After trial of the matter, judgment was rendered in favor of the defendants, Cathy and Linda.
Calvin appeals raising six assignments of error. However, we pretermit discussion of those issues as we have determined that Calvin lacked the right or legal interest in the subject matter of the suit to bring this action for nullity.[1]
The exception pleading the objection of no right of action questions the plaintiff's standing or interest in the subject matter of the suit. LSA-C.C.P. art. 927(5). Specifically, the exception of no right of action is a threshold device that questions whether a remedy afforded by law can be invoked by *1046 the plaintiff and determines if the plaintiff has a right or legal interest in the subject matter of the suit. Pattan v. Fields, 95-1936 (La.App. 1 Cir. 9/26/95); 669 So.2d 1233, writs denied, 95-2382 (La. 9/29/95); 661 So.2d 1341; 95-2381 (La. 9/29/95); 661 So.2d 1342.
To assert an action, a plaintiff must have a real and actual interest in the action asserted. LSA-C.C.P. art. 681. Standing is a concept utilized to determine if a party is sufficiently affected so as to ensure that a justiciable controversy is presented to the court. The requirement of standing is satisfied if it can be said that the plaintiff has an interest at stake in the litigation which can be legally protected. Mouton v. Dept. of Wildlife & Fisheries for State of La., 95-0101 (La.App. 1 Cir. 6/23/95); 657 So.2d 622, writs denied, 95-2161, 95-2164 (La.11/17/95); 663 So.2d 710, 711. When the facts alleged in the petition provide a remedy to someone, but the plaintiff who seeks the relief for himself is not the person in whose favor the law extends the remedy, the proper objection is an exception of no right of action. Cox Cable New Orleans, Inc. v. City of New Orleans, 624 So.2d 890 (La.1993).
LSA-C.C.P. art. 3062 provides, as follows:
The judgment of possession rendered in a succession proceeding shall be prima facie evidence of the relationship to the deceased of the parties recognized therein, as heir, legatee, surviving spouse in community, or usufructuary, as the case may be, and of their right to the possession of the estate of the deceased.
A judgment of possession is prima facie evidence of the right of the heirs in whose favor it was rendered to take possession of the decedent's estate; however, it is not a basis for a plea of res judicata or conclusive evidence against persons having an adverse interest in or claim against the estate. Quiett v. Moore's Estate, 378 So.2d 362 (La.1979); Launey v. Barrouse, 509 So.2d 734 (La.App. 3 Cir.1987). See also Jackson v. D'Aubin, 338 So.2d 575 (La.1976).
Calvin does not assert that he is an heir of Louise. Rather, he contends he and Louise were never married and, therefore, she had no interest in the Carlisle Court property. There is a clear distinction between a succession and the assets of a succession. Although Calvin may have an interest in the assets of Louise's succession, he has no interest in her succession. Therefore, Calvin cannot pursue the determination of the true interests of all parties in the Carlisle Court property through an action for nullity of the judgment of possession as he has no standing to do so. See Succession of Klueger, 565 So.2d 1075 (La.App. 5 Cir.1990).
The trial judge stated in his reasons for judgment, "Mr. Guidry is correct in his choice of the procedural vehicle used to attack the judgment of possession. As stated by the Second Circuit in Succession of Hearn, 412 So.2d 692 (La.App. 2 Cir.1982), an ex parte judgment may be attacked through the action of nullity, and La. C.C.P. Art.2004 allows the action of nullity as a vehicle for challenging any final judgment." The case relied on by the trial judge is inapposite to the instant case. In Hearn, the party who filed the petition for nullity was the decedent's daughter and heir to the succession. In the instant case, Calvin is not a heir to Louise.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs are assessed against the appellant.
AFFIRMED.
LOTTINGER, C.J., concurs and assigns written reasons.
FOIL, J., concurs for the reasons set forth by LOTTINGER, C.J.
LOTTINGER, Chief Judge, concurring.
Through this action, Calvin Guidry (hereinafter, "Calvin") seeks to annul a judgment of possession rendered in the succession of Louise Anselmi (hereinafter, "Louise") on the grounds that same was obtained through fraud or ill practice. Calvin asserts that contrary to allegations made in the succession proceedings, he and Louise were never married; therefore, she never acquired a community interest in certain immovable property purchased by him and listed in her judgment of possession.
*1047 The essential question posed by this appeal is whether an individual who is neither an heir nor a creditor of the deceased has the requisite standing to annul a judgment of possession rendered in the succession of the deceased which adversely affects the title to his property.
As a basis for this action, Calvin relies on La.Code Civ. P. art.2004 which provides that a final judgment obtained by fraud or ill practice may be annulled. That article provides that the plaintiff must bring this action for nullity within one year of his discovery of the fraud or ill practice. Article 2004 gives no further explanation as to who may assert such an action.
The fourth circuit, in Tutorship of Werling, 459 So.2d 758 (La.App. 4th Cir.1984), sought to determine whether decedent's friend and attorney had standing as an "interested person" under La.Code Civ. P. art. 4069 to seek appointment as separate tutor of the property of decedent's minor son. Before concluding that the attorney possessed the requisite standing, the court looked to other statutes utilizing the term "interested person" stating:
A review of Louisiana statutes which similarly utilize the "interested person" wording discloses varying interpretations as to the standing requirement inherent in that statutory language. In some instances, the phrase is further explained in an official Revision Comment. The statement in La.C.C.P. Art. 3137 that "[a]ny interested person may traverse the descriptive list ..." of a succession is explained to mean "any person whose rights might be prejudiced ..." could traverse. The Louisiana Supreme Court has held that a surviving spouse was an interested person within the meaning of that statute. Succession of Smith, 247 La. 921, 175 So.2d 269 (1965). When faced with three grandchildren traversing the list and only one appealing, the Third Circuit stated that it was unnecessary for all three to file the motion since any interested person may do so. Succession of Amos, 422 So.2d 605 (La.App. 3rd Cir.1982). In Succession of Willis v. Martin, 228 So.2d 732 (La.App. 3rd Cir.1969), writ refused 255 La. 244, 230 So.2d 93, the Third Circuit rejected appellant's contention that only heirs and creditors could be considered "interested persons" under Article 3137. Utilizing the principle of liberal construction of procedural rules, that court held the vendees of an heir could also be considered interested parties.
La.C.C.P. Art. 2972 provides that the opposition of a party to a succession must allege the interest of the opponent in filing the opposition. Official Revision Comment (b) to that provision states that a person must have a "justiciable interest" in filing,[[1]] the "definition of this interest hav[ing] been stated only implicitly in the term `interested person.'" Tutorship of Werling, 459 So.2d at 764.
Other cases have held that the filing of an inventory, or alternatively a descriptive list, was necessary to inform heirs, creditors and "other interested parties" of the nature and value of the succession property;[2] however, the fifth circuit in Succession of LeRuth, 561 So.2d 183, 184 (La.App. 5th Cir.1990) held that grandparents of minor heirs lacked standing to traverse a descriptive list. In LeRuth, the court quoted from the trial court's written reasons for judgment which stated, "[i]t is this Court's opinion that heirs, creditors and other interested parties contemplate someone whose rights are being affected and therefore have a standing to protect their own property rights." Succession of LeRuth, 561 So.2d at 184.
Turning now to the facts presented by the case at bar, I am of the opinion that Calvin, prior to the rendition of the judgment of possession, clearly had standing as an "interested party" to intervene in the succession for purposes of protecting the integrity of his title. His burden would be to show, if *1048 indeed he is able, that the immovable in question was not community property. However, once a judgment of possession has been rendered, this remedy is no longer available.
It is well settled that although an ex parte judgment sending an heir into possession of an estate, rendered by a court of competent jurisdiction, is not a basis for a plea of res judicata, or conclusive against any person having an adverse interest in or claim against the estate, such a judgment is prima facie evidence of the right of the heir in whose favor it was rendered to take possession of the estate. La.Code Civ. P. art. 3062; Quiett v. Estate of Moore, 378 So.2d 362, 367 (La. 1979) on rehearing; Taylor v. Williams, 162 La. 92, 110 So. 100 (La.1926).
In the present case, Calvin is neither an heir nor a creditor of Louise. As Calvin has not alleged facts sufficient to place him into possession of property Louise may have owned, he lacks standing to annul the judgment of possession. See, La.Code Civ. P. art. 681; Succession of Mitchell, 574 So.2d 500 (La.App. 3rd Cir.1991); Succession of Klueger, 565 So.2d 1075, 1077 (La.App. 5th Cir.1990).
Calvin asserts that he is the exclusive owner of property described in Louise's succession. The filing of the judgment of possession placed a cloud on his title to this property and disturbed his possession. His remedy may be to file a petitory action against her heirs since more than one year has elapsed since the judgment of possession was rendered.
As a caveat, this writer notes that in attempting to prove a negative, i.e. Calvin and Louise were never married, the trial court was of the opinion that Calvin did not present sufficient proof. It would have been better proof if Calvin had searched the marriage records of neighboring states to Louisiana such as Texas, Arkansas, Mississippi, Alabama and Florida for such evidence. Further, in searching these records, the names of Calvin Guidry, Calvin J. Guidry, C.J. Guidry and Louise Anselmi should be used in the search.
NOTES
[1] LSA-C.C.P. art. 927 permits the trial or appellate court to notice the exception of no right of action sua sponte where the record supports such an action.
[1] Legal heirs have been held to possess such an interest. Succession of Gardiner, 366 So.2d 1065 (La.App. 3rd Cir.1979), writ denied 369 So.2d 154. A real interest is requisite. Succession of Kilpatrick, 356 So.2d 1083 (La.App. 2d Cir.1978), writ denied 359 So.2d 198 (La.1978).
[2] See, Succession of Danese, 459 So.2d 725, 728 (La.App. 4th Cir.1984); Succession of Harleaux, 351 So.2d 1267, 1271 (La.App. 1st Cir.1977).