|;>FOIL, Judge.
This appeal challenges the dismissal of an action against an attorney brought by the parents of the attorney’s major client pursuant to exceptions of no right of action and no cause of action. We affirm.
FACTUAL AND PROCEDURAL BACKGROUND
This lawsuit was filed against Jack Hoffstadt, an attorney, and his malpractice insurer, Coregis Insurance Company, by Kenneth Berard, Jr. (Kenneth) and his parents, Janet and Kenneth Berard, Sr. Mr. Hoffstadt represented Kenneth in a personal injury lawsuit filed against him by Allison Sigerson. Ms. Sigerson alleged Kenneth was at fault for causing a vehicular collision which left her with extensive injuries. At the time of the accident, Kenneth was a major, and neither of his parents were parties to the underlying litigation.
During the pendency of the case, Kenneth was away from home attending col *1014 lege. The parties stipulated there was extensive communication between Mr. Hoffstadt and Mrs. Berard regarding the case. On the date set for trial, Ms. Siger-son and Kenneth settled the case for $90,-000.00. Judgment was rendered solely against Kenneth.
It is undisputed that Mr. Hoffstadt’s legal fees were paid by the KJB Trust, which was comprised of the proceeds of a settlement Kenneth received in connection with his personal injury suit. The $90,000.00 settlement was also paid out of the KJB trust fund.
In their original petition, Kenneth and his parents alleged Mr. Hoffstadt was guilty of malpractice in his handling of the underlying litigation by: (1) failing to properly prepare for trial; (2) devising an unsuccessful plan to postpone the trial and (3) failing to present any witnesses at trial. These actions and inactions, they claimed, forced them to acquiesce to the settlement demands of Ms. Sigerson. They claimed Mr. Hoffstadt’s negligent representation damaged them in three respects, namely: (1) being forced to settle the case because Mr. Hoffstadt was not ready on the day of the trial; (2) being deprived of money advanced to Mr. Hoffstadt which was not spent for | ¡¡purposes intended or otherwise accounted for and (3) causing them to suffer emotional stress, strain and mental anguish.
As to the claims asserted by Mr. and Mrs. Berard, defendants filed a peremptory exception raising the objections of no right of action and no cause of action. They asserted Kenneth’s parents had no legal interest to assert the claim because there was no attorney-client relationship between the parents and Mr. Hoffstadt. Further, they urged, the parents were not damaged as a result of Mr. Hoffstadt’s representation, as they were not parties to the underlying litigation, they were not subject to the judgment in that litigation, and they did not pay the judgment resulting from the settlement.
In an attempt to demonstrate the existence of an attorney-client relationship, Mr. and Mrs. Berard claimed Mr. Hoffs-tadt treated them like they were his clients and they believed they were his clients. They urged that Kenneth had been severely disabled with respect to his ability to communicate, necessitating that almost all verbal communication occur between them and Mr. Hoffstadt. They also argued that should the court find an attorney-client relationship did not exist, they had a cause of action for mental anguish under La. Civ.Code art. 2315 and a case allowing third parties to recover mental anguish damages' for injuries to another person, Lejeune v. Rayne Branch Hospital, 556 So.2d 559 (La.1990).[1] They acknowledged that while an attorney may not, under normal circumstances, owe a duty to a parent of a litigant in a legal proceeding, the actions of Mr. Hoffstadt in involving them in every detail of the case created a duty directly to them to act in a competent manner.
Following the presentation of evidence, the trial judge granted the exceptions. The judge found no attorney-client relationship existed between Mr. and Mrs. Berard and Mr. Hoffstadt, and therefore, they did not have a right of action against Mr. Hoffstadt for negligent representation. The judge further |4found that the petition did not contain adequate factual allegations to support a claim for mental anguish, Lejeune-type damages, and granted the exception of no cause of action. The Berards were given 30 days to amend their petition to allege facts serving as the basis for their article 2315 claim.
Mr. and Mrs. Berard appealed the ruling to this court. In Guidry v. Coregis Insurance Company, 97-2758 (La.App. 1 Cir. 2/19/99), 738 So.2d 200, writ denied, *1015 99-0820 (La.5/7/99), 740 So.2d 1287, this court upheld the judge’s ruling, and the Supreme Court denied their application for supervisory review. As a result, the judge’s decision that the parents did not have a right to bring a claim against Mr. Hoffstadt based on his alleged negligent representation of their son is a final judgment.
In accordance with the judge’s order, the parents amended their petition in an attempt to state a cause of action. They alleged that because of the physical and communicative limitations of their son, they were involved in the case to the fullest extent, and spoke extensively with Mr. Hoffstadt regarding the case. They posited that by involving them in the details of the case, a duty was created which Mr. Hoffstadt breached, causing them to suffer emotional stress, strain and mental anguish.
The defendants filed exceptions of no right of action and no cause of action as to the claims asserted by the parents in the amended petition. A different judge on the court dismissed the petition, finding plaintiffs failed to state a cause of action on the article 2315 claim. The Berards’ filed a motion for a new trial, for the purpose of “trying to more succinctly state a 2315 claim,” attempting to assert that they had a cause of action for a “negligent professional undertaking.” Finding that the basis upon which this claim was made was not something newly discovered, the trial judge denied the motion for a new trial. This appeal, taken by Mr. and Mrs. Berard, followed.
DISCUSSION
The function of the exception of no cause of action is to test the legal sufficiency of the plaintiffs petition by determining whether the law provides a legal remedy for the particular harm alleged by the plaintiff under the factual ^allegations, taken as true, that arise on the face of the petition. Harris v. Brustovncz, 95-0027, p. 3 (La.App. 1 Cir. 10/6/95), 671 So.2d 440, 442. The exception of no right of action questions whether a remedy afforded by law can be invoked by the plaintiff, and determines if the plaintiff has a right or legal interest in the subject matter of the suit. Guidry v. Dufrene, 96-0194, p. 3 (La.App. 1 Cir. 11/8/96), 687 So.2d 1044, 1045-46.
It has been judicially determined that appellants were not Mr. Hoffstadt’s clients and therefore lacked standing to bring a case based on negligent representation against him. Appellants were given an opportunity to allege facts by amended petition to support another cause of action against Mr. Hoffstadt. However, they clearly failed to do so. All of the allegations of negligence in the original petition arose out of Mr. Hoffstadt’s representation of appellants’ son. There was no allegation that the son was interdicted or that he ever was. Appellants did not allege any additional, independent acts of negligence in the amended petition. Instead, they merely asserted that Mr. Hoffstadt owed them a duty to act in a competent manner. Since the allegations on which the negligence-based 2315 claim arise directly from the alleged malpractice, as non-clients, appellants do not have a right to assert these claims against Mr. Hoffstadt.
Additionally, appellants do not have a cause of action against Mr. Hoffs-tadt under the facts alleged. With respect to the negligence allegations, appellants failed to demonstrate the existence of a duty owed to them by Mr. Hoffstadt. The duty to act in a competent manner (the only duty identified in the amended petition) is owed to the attorney’s client, not to a major client’s parents. Furthermore, we recognize that the law may afford a remedy to a third person arising out of an attorney’s malpractice in very limited instances, such as where the attorney exceeds the limits of his agency, engages in intentional or fraudulent conduct, or breaches a fiduciary duty. See Thompson v. Harrington, 99-571, p. 7 (La.App. 3 Cir. *1016 10/13/99), 746 So.2d 652, 657; MacFadyen v. Lee, 601 So.2d 24, 26 (La.App. 1st Cir.), unit denied, 606 So.2d 544 (La.1992). However, appellants failed to allege facts in either ^petition which would state a cause of action for an intentional tort or fraudulent conduct on the part of Mr. Hoffstadt.
Lastly, we conclude the judge correctly denied the motion for a new trial. Appellants asked for a new trial to “more succinctly” state a 2315 claim. However, as the trial judge observed, the purported basis of this “new” claim was not something newly discovered. Appellants were given the opportunity to amend their petition to state a cause of action under article 2315 and failed to do so. Accordingly, the trial judge properly entered judgment dismissing their claims against Mr. Hoffstadt.
CONCLUSION
Based on the foregoing, the judgment appealed from is affirmed. All costs of this appeal are assessed to appellants, Janet Berard and Kenneth Berard, Sr.
AFFIRMED.

. Although not readily apparent in the record or briefs, in oral argument, counsel for appellants advised this court that the claim for Lejeune-type damages had been abandoned by appellants in the trial court and is no longer an issue in this proceeding.