STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 05-1122


SUCCESSION OF ROBERT GUNTER


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 35,343
HONORABLE BENJAMIN CLYDE BENNETT, DISTRICT JUDGE


\*\*\*\*\*\*\*\*\*\*


**BILLY HOWARD EZELL**
**JUDGE**


\*\*\*\*\*\*\*\*\*\*


Court composed of Sylvia R. Cooks, Billy Howard Ezell, and James T. Genovese, Judges.


**AFFIRMED.**


**Richard E. Lee**
**Attorney at Law**
**810 Main Street**
**Pineville, LA 71360**
**(318) 448-1391**
**Counsel for Appellants:**
**Glenn Edward Belgard**
**Johnna Sue Haynes Belgard**

**Ricky L. Sooter**
**Attorney at Law**
**P. O. Drawer 1791**
**Alexandria,, LA 71309-1791**
**(318) 445-3631**
**Counsel for Appellee:**
**Estelle Wiggins Gunter Ryder**

**Zebulon M. Winstead**
**Provosty, Sadler, deLaunay**
**P. O. Drawer 1791**
**Alexandria, LA 71309-1791**
**(318) 445-3631**
**Counsel for Third-Party Appellee:**
**Ricky L. Sooter**

**EZELL, JUDGE.**

This appeal presents the issue of the right of parties to demand annulment of a judgment of possession rendered in a succession proceeding when they are neither heirs nor creditors. For the following reasons, we affirm.

**FACTS**

Estelle Wiggins Gunter a/k/a Estelle Wiggins Gunter Ryder (hereinafter referred to as Ms. Ryder) filed a petition to probate a statutory will and for possession on August 4, 2004. Her husband Robert Gunter died on January 24, 1958, but no succession had been opened until the filing of this petition. A judgment of possession was signed on August 4, 2004.

Subsequently, on August 23, 2004, Glenn and Johnna Belgard filed a petition to annul the probated testament and judgment of possession, asserting that the will was not a legally-proper statutory will. The only interest the Belgards had in the probate proceedings was their claim that they had an interest in two tracts of land which were listed in the judgment of possession. The Belgards' petition stated that the possession and ownership of the tracts of land were being litigated in two other suits. In addition to Ms. Ryder, her attorney, Ricky L. Sooter, was named a defendant in the petition.

Both Ms. Ryder and Mr. Sooter filed exceptions of no cause of action, no right of action, and prematurity. A hearing was held on October 11, 2004. Judgment granting the exceptions on behalf of Mr. Sooter was signed on October 22, 2004. Judgment granting the exception of no right of action on behalf of Ms. Ryder was signed on June 20, 2005. The Belgards appealed the judgments.

1

## LAW AND ANALYSIS

This case was recently addressed by this court in *Ryder v. Belgard*, 05-452 (La.App. 3 Cir. 11/2/05), 915 So.2d 408. That appeal involved a judgment of the lower court in a petitory action declaring Ms. Ryder to be owner of one of the tracts of land. In addition to appealing the trial court's decision regarding ownership of the land, the Belgards appealed the trial court's failure to find the judgment of possession in the succession proceeding null and void "due to the fact that Robert's testament failed to satisfy the requirements for a nuncupative will by public act." *Id*. at 414. Citing *LeGlue Buick, Inc. v. Smith*, 390 So.2d 262 (La.App. 3 Cir. 1980), this court ruled that the Belgards could not attack Mr. Gunter's will collaterally.

The case before us now involves a direct attack on Mr. Gunter's will in the succession proceeding itself, asking that the judgment of possession be annulled. La.Code Civ.P. art. 2931. Therefore, we will address the merits of the Belgards' claim regarding the trial court's decision to grant Mr. Sooter's and Ms. Ryder's exceptions of no right of action.

The trial court granted exceptions of no right of action on behalf of both Mr. Sooter and Ms. Ryder. Article 681 of the Louisiana Code of Civil Procedure provides that "an action can be brought only by a person having a real and actual interest which he asserts." An exception of no right of action is used in order to determine whether a plaintiff belongs to a class of individuals to which the law grants the cause of action advanced. *Reese v. State Dept. of Pub. Safety*, 03-1615 (La. 2/20/04), 866 So.2d 244. In considering the exception, the court determines "whether the particular plaintiff has a right to bring the suit, but it assumes that the petition states a valid cause of action for some person and questions whether the plaintiff in the particular case is a member of the class that has a legal interest in the subject matter of the

2

litigation." *Id*. at 246.

The Belgards seek to have the judgment of possession annulled alleging that the statutory testament is void *ab initio*, has no existence in law, and can be attacked by anyone against whom it is sought to be enforced. They claim the will is void *ab initio* due to the fact that at the time the will was executed a statutory testament could be executed only by an individual who could sign his name, and Mr. Gunter signed the will with an "X."

In finding that an ex-wife had no right of action to annul a testament the fourth circuit stated:

> Appellant is not an heir or legatee of the deceased by means of any law or other purported testament. If the probated testament were annulled, there being no other purported testament, then decedent's estate would devolve under our laws of intestacy. If decedent was declared to have died intestate because his only testament was declared invalid, appellant would not be among those persons who would inherit from the deceased's estate.

*Succession of Moran*, 485 So.2d 623, 625 (La.App. 4 Cir.), *writ denied*, 488 So.2d 204 (La.1986).

In *Succession of Gardiner*, 366 So.2d 1065 (La.App. 3 Cir.), *writs denied*, 366 So.2d 154, 156 (La.1979), this court recognized the right of a legal heir to contest the validity of a will. This court reasoned that a legal heir who would inherit, or share in the inheritance, if a will was declared null, had a right of action to contest the validity of the testament.

In *Guidry v. Dufrene*, 96-194 (La.App. 1 Cir. 11/8/96), 687 So.2d 1044, the court held that the father of an heir who had never been married to the mother may have an interest in the assets of the mother's succession, but had no interest in the succession itself. The first circuit held that the father had no standing to assert an action for nullity of the judgment of possession.

3

A similar situation exists in this case. While the Belgards may have an interest in the property that is part of the succession proceedings, they have no interest whatsoever in the succession of Robert Gunter. We, therefore, agree with the trial court's decision to grant the exceptions of no right of action filed by both Mr. Sooter and Ms. Ryder.

For the foregoing reasons, we affirm the judgment of the trial court sustaining the exceptions. Costs of this appeal are assessed to Glenn and Johnna Belgard.

**AFFIRMED.**