Judgment rendered February 26, 2025.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 56,102-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

\* \* \* \* \*

SUCCESSION OF JACK PATTON MABRAY, JR.

\* \* \* \* \*

Appealed from the
Sixth Judicial District Court for the
Parish of Tensas, Louisiana
Trial Court No. 24,603A

Honorable Angela Lynn Claxton, Judge

\* \* \* \* \*

| | |
|---|---|
| HESSE & BUTTERWORTH, LLC<br>By: Michael O'Brien Hesse<br>Zach Butterworth | Counsel for Appellant,<br>Janet Maxwell Mabray |
| PREIS GORDON, APLC<br>By: Phillip Wesley Preis | |
| BREITHAUPT, DOBOS<br>& WOLLESON, LLC<br>By: Robert Alan Breithaupt<br>James R. Close | Counsel for Appellees,<br>Wilson Tremble Mabray,<br>Independent Executor,<br>and the Succession of<br>Jack Patton Mabray, Jr. |
| BISHOP, PAXTON, CRIGLER<br>& MOBERLEY<br>By: John Durham Crigler, Jr. | |

\* \* \* \* \*

Before PITMAN, STONE, and ROBINSON, JJ.

**ROBINSON, J.**

Appellant, Janet Maxwell Mabray ("Jan") filed a petition to amend the judgment of possession entered in the succession of her deceased husband, Jack Patton Mabray, Jr. ("Pat"). In her petition, she prayed to remove the reference to a 50 percent ownership interest in certain real property located in Colorado (the "Colorado property"). The petition alleged that the couple had acquired the property as joint tenants during their marriage by contributing one-half each of their separate funds in accordance with the separate property regime established by valid premarital contract.

Wilson Mabray ("Wilson"), Pat's son from his previous marriage and the named Independent Administrator, filed an answer to Jan's petition to amend the judgment of possession and a reconventional demand seeking the recognition of the succession's 50 percent ownership of the Colorado property. Jan then filed a motion to declare the judgment of possession an absolute nullity as to the Colorado property. Wilson filed a peremptory exception of no right of action as to both the petition to amend and motion to annul. The trial court granted Wilson's exception after a hearing on March 19, 2024, finding Jan had no standing in the succession. A judgment was rendered on April 1, 2024, from which Jan appeals.

For the following reasons, we AFFIRM the trial court's judgment.

## FACTS AND PROCEDURAL HISTORY

Jan and Pat were married on August 29, 2009. The couple established a separate property regime by premarital agreement entered into on August

26, 2009. They were domiciled in Tensas Parish but purchased the Colorado property by Warranty Deed dated August 4, 2015, which stated, in part, that the property was sold to Pat and Jan "not in tenancy in common but in joint tenancy." They built a house on the property, contributing their respective separate funds for one-half each of the purchase price and building costs.

Pat died intestate on March 14, 2022. Wilson was named Independent Administrator of Pat's estate on April 22, 2022. Wilson is Pat's sole heir pursuant to intestacy laws. Jan is not an heir, legatee, surviving spouse in community, or usufructuary. The detailed descriptive list filed by Wilson included an "undivided one-half ownership" interest in the Colorado property as an asset of the succession. A judgment of possession was rendered on November 9, 2022, listing the 50 percent interest in the Colorado property as an asset.

Jan filed a petition to amend the judgment of possession on November 22, 2022, alleging that she became the 100 percent owner of the Colorado property by right of survivorship created pursuant to the joint tenancy ownership of the property and requesting that the judgment of possession be amended to delete any reference to the ownership of the Colorado property. Jan also requested that a temporary restraining order be entered, enjoining and restraining Wilson, as Independent Administrator, from granting any encumbrance or transferring ownership of the Colorado property. The parties later stipulated to the entering of the temporary restraining order.

Jan filed a motion for summary judgment on August 31, 2023, seeking a determination that she was the 100 percent owner of the Colorado property and the removal of the succession's claim of ownership of the

property from the detailed descriptive list and judgment of possession. She included affidavits from two different attorneys regarding choice of law issues. Wilson opposed Jan's motion based on various procedural grounds, particularly that no answer had been filed prior to the filing of the motion for summary judgment, as well as the existence of disputed material facts relevant to Colorado law regarding rights of survivorship with joint tenancy ownership. Jan alleged in her reply that Louisiana courts lacked jurisdiction to adjudicate ownership and resolve title disputes regarding property situated in Colorado. Wilson filed motions to strike the two affidavits as impermissible expert opinions on Louisiana law, as well as Jan's response to the opposition, claiming that Jan impermissibly asserted the defense of lack of subject matter jurisdiction for the first time in her reply to Wilson's opposition. A hearing was conducted on November 30, 2023, and the trial court sustained Wilson's motions to strike and denied Jan's motion for summary judgment. An order was entered December 18, 2023.

On the same date as the motion for summary judgment hearing, Wilson filed an answer to Jan's petition to amend judgment of possession and a reconventional demand asking that the succession be recognized as 50 percent owner of the property. Jan filed an answer to the reconventional demand, along with an exception of lack of jurisdiction, on December 21, 2023. Jan also filed a motion to declare the judgment of possession an absolute nullity as to the Colorado property on January 5, 2024. Wilson then filed an exception and answer to the motion to declare the judgment of possession an absolute nullity as to Colorado property and additional exception to petition to amend judgment of possession, claiming the

3

peremptory exception of no right of action. At a hearing on March 19, 2024, the trial court granted Wilson's exception of no right of action as to both Jan's petition to amend and motion to annul, completely dismissing the claims against the succession. A judgment was rendered on April 1, 2024, from which Jan appeals.

## DISCUSSION

The April 1, 2024, judgment from which this appeal is based grants Wilson's exceptions of no right of action as to Jan's January 5, 2024, motion to declare judgment of possession an absolute nullity as to Colorado property, and her previous August 31, 2023, petition to amend judgment of possession, thereby dismissing all claims. The judgment is limited in scope to the issue of standing. The trial court noted its review of the case law presented and found that it was supportive of a distinction between a succession and the *assets* of succession. It, therefore, concluded that, although Jan may have an interest in an asset of Pat's succession, she had no standing in the succession itself.

An appellate court reviews a trial court's ruling granting an exception of no right of action de novo. *Badeaux v. Sw. Computer Bureau, Inc.*, 05-0612 (La. 3/17/06), 929 So. 2d 1211; *Young v. Horseshoe Entertainment, Limited Partnership*, 55,749 (La. App. 2 Cir. 9/4/24), 2024 WL 4031832. The exception presents a question of law, requiring a de novo review by appellate courts. La. C.C.P. art. 923; *In re: Succession of Harrison*, 48,432 (La. App. 2 Cir. 11/8/13), 129 So. 3d 681, *writ denied*, 14-0273 (La. 4/4/14), 135 So. 3d 1185; *Thornton v. Carthon*, 47,948 (La. App. 2 Cir. 5/15/13), 114 So. 3d 554, *writ denied*, 13-785 (La. 11/1/13), 125 So. 3d 435; *Wagoner*

4

*v. Chevron USA Inc.*, 45,507 (La. App. 2 Cir. 8/18/10), 55 So. 3d 12, *writ denied*, 10-2773 (La. 3/2/12), 83 So. 3d 1032; *Skannal v. Bamburg*, 44,820 (La. App. 2 Cir. 1/27/10), 33 So. 3d 227, *writ denied*, 10-0707 (La. 5/28/10), 36 So. 3d 254; *City of New Orleans v. Board of Directors of Louisiana State Museum*, 98-1170 (La. 3/2/99), 739 So. 2d 748. The burden of proof establishing the exception of no right of action is on the exceptor. La. C.C.P. art. 923; *Harrison, supra*; *Thornton, supra*; *Wagoner, supra*; *City of New Orleans, supra*.

Only a person having a real and actual interest to assert may bring an action. La. C.C.P. art. 681. *Thornton, supra*; *Wagoner, supra*; *Skannal, supra*. A peremptory exception of no right of action is used to show that a plaintiff has no legal right or interest in enforcing the matter asserted, based upon facts and evidence submitted. La. C.C.P. arts. 681 and 927; *Campbell v. Nexion Health at Claiborne, Inc.*, 49-150, (La. App. 2 Cir. 10/1/14), 149 So. 3d 436; *Thornton, supra*. An exception of no right of action is a peremptory exception, the function of which is "to have the plaintiff's action declared legally nonexistent, or barred by effect of law, and hence this exception tends to dismiss or defeat the action." La. C.C.P. art. 923; *Wagoner, supra*.

In support of its argument that Jan lacked standing to assert claims in the succession, Wilson refers to *Guidry v. Dufrene*, 96-0194 (La. App. 1 Cir. 11/8/96), 687 So. 2d 1044, in which the First Circuit affirmed the trial court's granting of an exception of no right of action after the heir's father filed a petition to annul a judgment of possession. The father claimed he fully owned certain Louisiana immovable property named in the judgment

5

of possession because he had never been married to the decedent, despite the acquisition deed reflecting that he was married to the decedent at the time of purchase. *Id.* The court stated that "there is a clear distinction between a succession and the assets of a succession" and found that the father could not pursue the determination of the true interests of all parties in the property through an action for nullity of the judgment of possession and had no standing to do so. *Id.*

Wilson further refers to the Third Circuit's decision in *Succession of Gunter*, 05-1122 (La. App. 3 Cir. 3/1/06) 924 So. 2d 1214, *writ denied*, 06-0621 (La. 5/26/06) 930 So. 2d 27. The plaintiffs who held an ownership interest in certain tracts of land listed in the judgment of possession filed a petition to annul the judgment. The court held that while the plaintiffs may have an interest in property that is part of the succession proceedings, they had no interest whatsoever in the succession itself.

Jan also refers to the holding in *Guidry*, *supra*, that a judgment of possession is prima facie evidence of the right of the heirs in whose favor it was rendered to take possession of the decedent's estate, though it is not a basis for a plea of res judicata or conclusive evidence against persons having an adverse interest in or claim against the estate. She argues that she has a "claim against the estate" based upon her right of survivorship claim to 100 percent ownership of the Colorado property, and the above reasoning supports that she has standing for an action against the succession to contest the ownership of the property.

Wilson asserts that both *Guidry* and *Gunter* illustrate that merely having an interest in an asset of a succession is not enough to convey

standing. He further notes that Jan does not distinguish either case other than to point out that she was named as a defendant in reconvention, which ignores that the exception of no right of action is peremptory in nature and is not waived by the filing of a reconventional or any other demand.

La. C.C.P. art. 3062 provides:

> The judgment of possession rendered in a succession proceeding shall be prima facie evidence of the relationship to the deceased of the parties recognized therein, as heir, legatee, surviving spouse in community, or usufructuary, as the case may be, and of their right to the possession of the estate of the deceased.

It is uncontested that Jan had none of the referenced relationships to the decedent provided in the above statute, due to the premarital agreement. Wilson urges that Jan lacks standing as a result of the lack of any such relationship, which is bolstered by the distinction between an interest in the succession versus an interest in merely an asset of the succession.

Jan argues that despite not having one of the relationships referred to in La. C.C.P. art. 3062, she, nevertheless, has standing because she has a real and actual interest in the action asserted due to the impingement of her ownership interest in the Colorado property. La. C.C.P. art. 681 provides:

> Except as otherwise provided by law, an action can be brought only by a person having a real and actual interest which he asserts.

Jan's argument that La. C.C.P. art. 681 creates standing in the *succession* action is misplaced. A party cannot bring an action, in general, *unless* he has a real and actual interest; nevertheless, he is not *entitled* to bring *any* action just because he may have a real and actual interest.

Standing is a concept utilized to determine if a party is *sufficiently affected* so as to ensure that a *justiciable* controversy is presented to the

7

court. *Guidry*, *supra*.  Jan recognizes the concept in *Guidry*, *supra*, that a judgment of possession is not a basis for a plea of res judicata or conclusive evidence against persons having an adverse interest in or claim against the estate. *Quiett v. Moore's Estate*, 378 So. 2d 362 (La. 1979).  However, her claims fixate on the Colorado property's inclusion in the judgment of possession and appear to be based on the mistaken belief that a judgment of possession is *dispositive* of ownership, such that she would have standing in the succession.  The record indicates that Jan is not barred from asserting an ownership interest in an action separate and apart from the succession.  She even argues that Louisiana courts have no subject matter jurisdiction over the Colorado property, yet she asks that the court determine ownership of the property.  Because Jan is able to bring a separate action to conclusively determine ownership of the Colorado property, she is not *sufficiently affected* by the inability to bring an action in the succession.

Further, there is no *justiciable* controversy as it relates to the succession because she has no interest in the estate per La. C.C.P. art. 3062. Jan's claim is in the asset itself, not against the estate.

## CONCLUSION

For the foregoing reasons, we AFFIRM the trial court's judgment. All costs of this proceeding are to be split equally between Plaintiff and Defendants.

**AFFIRMED.**